NEW-YORK.
May, 1807.

Wimple
v.
Fonda.

* *Van Horne v. Petrie & others.*

The court are therefore of opinion, that the motion for a new trial must be denied.

Judgment for the plaintiff.

A devised certain lands to his wife for life, and after her death to his son B, his heirs and assigns for ever. The son died in the life-time of his mother, without making any disposition of the lands so devised by his father. In an action of debt brought against the heirs of B, after the death of his mother, it was held that B had vested estate in remainder on the death of A, and which descended to the heirs of B on his death.

## Wimple *against* Fonda and Fonda, heirs and devisees of Fonda.

THIS was an action of debt brought against the defendants, as heirs and devisees of *Henry V. Fonda,* deceased. *Jellis Fonda,* the father of *Henry V. Fonda,* deceased, by his last will devised certain lands to his wife for life, and after her decease, to his son, the said *Henry V. Fonda,* to hold to him and his heirs and assigns for ever, and died in 1791, seized of the lands so devised. *Henry V. Fonda,* died in 1799, without making any disposition of the lands mentioned in the will of his father, and leaving the defendants his heirs at law. His mother, *Jannetie,* widow of *Jellis Fonda,* deceased, died in 1803.

On a case containing the above facts, it was submitted to the court without argument, whether *Henry V. Fonda* took an estate by the will of his father, which he could devise, or which, on his death, could descend to his heirs, so as to entitle the plaintiff to recover.

THOMPSON, J. delivered the opinion of the court.—This action is brought against the defendants, as heirs

and devisees of *Henry V. Fonda*, deceased, and the ques- <span>NEW-YORK, May, 1807.</span>
tion submitted to the court is, whether *Henry V. Fonda*
took an estate under his father's will, which he could de- Brodie and
vise to the defendants, or which would descend to them, Denniston
as heirs at law on his death.   The case was submitted v.
without [*] argument, and I am unable to discover, what Stephens.
could give rise to any doubt on this question.   By his [* 289]
will, *Jellis Fonda*, the father of *Henry*, devises that part
of his real estate now in question, to his wife *Jannetie*,
during her natural life, and after her death, to his son
*Henry*, in fee.   *Henry's* dying before his mother, *Janne-
tie*, would not prevent the estate from passing by his will.
He was seised of the remainder immediately on the death
of his father, and had, to all intents and purposes, an
estate commencing in *presenti*, though to be occupied and
enjoyed in *futuro*.   The particular estate, during life,
and the remainder are but one and the same estate, in
the law ; the whole of which passed at once on the death
of the testator, and the remainder-man was seised of his
remainder, at the same time the particular tenant was
possessed of her estate.   The possession of the particular
tenant, is the possession of the remainder-man, so as to
enable him to dispose of his estate by deed or will.

Judgment for the plaintiff.