LEONORA P. KELSO, Respondent, *v.* LOUIS L. LORILLARD, Appellant.

C. died seized of certain real estate which had been devised to her by her mother, and leaving a will by which she gave all her estate, real and personal, to her husband for life, remainder to her son T. if he should live until he became of age; if he should marry and die before maturity, leaving a child or children, then such child or children to take; in case of his death before maturity unmarried and leaving no child, then she gave all the estate given to her by her mother to her two sisters, L. (the plaintiff) and E.; if either should die, leaving no child, the survivor to take the whole; if both should die leaving a child or children, the share of each parent to go to her child or children; if either should die leaving no child, the child or children of the one who died leaving a child or children to take. The testatrix died the next day after the will was executed; her husband died soon after; her son T. died before he became of age, unmarried and leaving no child; before his death, E. (sister of the testatrix) died leaving no child, and leaving a will by which she gave all her estate to her husband. Plaintiff, after the death of T., contracted to sell said real estate to defendant, who refused to perform because of defect of title. In an action to compel performance, *held*, that upon the death of the testatrix her husband became seized of an estate for life, and her son of a vested remainder in fee subject to be defeated by his death before maturity, unmarried and without issue; that the clauses following the devise to him speak as of the date of such death, and it was the intent in case of its happening that then an absolute fee should immediately vest in the person or persons indicated; that, therefore, there was no unlawful suspension of the power of alienation; that each of the sisters took an estate in expectancy, *i. e.*, a remainder contingent upon the death of the son, before maturity, unmarried and without a child, and contingent upon her surviving him; that upon the death of E. leaving no child, her interest ceased, and the estate in expectancy of plaintiff was enlarged so as to include the whole, instead of a moiety of the land; and upon the death of the son it ripened into an absolute fee; and that plaintiff, at the time of making the contract, owned and could convey a perfect title.

It was claimed that the will presented difficult questions of construction, and that, therefore, the court would not compel specific performance. *Held*, untenable; also that this was a matter for the court below to determine, and the exercise of its discretion would not be disturbed.

(Argued March 24, 1881; decided April 19, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New

York, entered upon an order made March 1, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 9 Daly, 300.)

This action was brought to compel the specific performance of a contract for the sale by plaintiff and purchase by defendant of certain lands. Defendant refused to complete the purchase on the ground of defect of title.

Louisa W. Cuming died seized of the premises in question, they having been devised to her by her mother. Mrs. Cuming died August 25, 1856, leaving a will, by which she gave all her real and personal estate to her husband, Robert W. Cuming, for life, and after his death, to her son Thomas Waring, the will further providing as follows : " If he should live until he is twenty-one years of age; or if he should marry before he is twenty-one years of age, and die leaving a child or children, then I give, devise and bequeath the same to his child, or if more than one, then to be divided equally between them. If my son should die before he becomes twenty-one years of age, unmarried and without leaving a child or children, and my husband should have departed this life, then I give, devise and bequeath to my sisters, Leonora P. Van Antwerp and Estherina M. Fisher, all the estate given to me by my mother, of every nature and kind, and also my silver and plated ware, and two parlor clocks, to be equally divided between them ; and in case either of my sisters should depart this life without leaving a child or children, then the survivor to take the whole, or in case of the death of both of them, each leaving a child or children, then I give, devise and bequeath the share which each of my sisters would have been entitled to if living, to her child, or if more than one child, to her children, to be equally divided between her children ; or if either of my said sisters should depart this life, without leaving a child or children, then I give, devise and bequeath the said estate, of every nature and kind, to the child, or if more than one, to the children of my said sister who shall depart this life leaving a child or children ; if only one, to take the whole, if more than one, to be equally divided between them."

Mrs. Cuming died on the 26th of August, 1856, leaving her husband, her son and her said sisters surviving her. Robert W. Cuming, the husband, died about twelve hours after his wife. Estherina M. Fisher afterward married William R. Mc-Cready, and died on December 28, 1859, without leaving children, and leaving a will in which she gave, except a few articles of personal property, all her real and personal estate to her husband, who is still living. Thomas Waring Cuming, the son of the testatrix, died in the year 1860, aged ten years, unmarried and without issue. Leonora P. Van Antwerp married John S. Kelso, and is the plaintiff herein.

*G. Tillotson* for appellant. The life estate to the husband and the remainder in fee to the son and the issue of the son are valid limitations. But the power to suspend the alienation is here exhausted. (2 R. S. [6th ed.] 1101, §§ 14, 15, 16; *Savage* v. *Burnham*, 17 N. Y. 572.) On the death of the testatrix, subject to the contingency of its becoming absolute in Thomas Waring, or his issue, the estate vested absolutely in William Van Antwerp, the son of Mrs. Kelso, subject to open and let in after-born children of both sisters. (2 R. S. 1102, § 17; *Woodruff* v. *Cook*, 61 N. Y. 638; *Miller* v. *Macomb*, 26 Wend. 229; *Hannan* v. *Osborn*, 4 Paige, 341–342; *Van Vechten* v. *Pierson*, 5 id. 512.) Mrs. McCready had an estate in expectancy, which is descendible, devisable and alienable, in the same manner as estates in possession. (2 R. S. 1101, §§ 9, 10, 11, 12, 13 [6th ed.]; id. 1103, § 35; *Moore* v. *Littell*, 41 N. Y. 80; 2 Washburn on Real Property, 237.) Mrs. McCready was a tenant in common of one-half of the estate. (2 R. S. 1104, § 44 [6th ed.]; *Moore* v. *Lyons*, 25 Wend. 119; *Everitt* v. *Everitt*, 29 N. Y. 72; 1 R. S. 727, § 44.) Courts have never compelled a party to take title where such doubtful questions arise as in this case. (*Pyrke* v. *Waddingham*, 17 Eng. L. & Eq. 534.)

*E. H. Benn* for respondent. The testatrix could give to her husband for life, and then to her son for life, and the remainder to

her sisters, but there it must stop and the sisters take in fee. So far the will is good and the provisions for a subsequent disposition are void. (*Woodruff* v. *Cook*, 61 N. Y. 638; *Harrison* v. *Harrison*, 42 Barb. 162; *Savage* v. *Burnham*, 17 N. Y. 561; *Post* v. *Hover*, 33 id. 593; *Kane* v. *Gott*, 24 Wend. 641.) The estate, as a joint estate, on the death of Thomas W. Cuming, would have vested completely in the two sisters, if living, as an estate in fee-simple; they would have had a right by joining in a deed to convey the entire property. (3 Barb. 248.) Or one alone by a separate conveyance might convert the joint estate into an estate in common. (36 Eng. Law & Eq. 20; 2 Greenleaf's Cruise on Real Property, 379, 380.)

MILLER, J. The question to be determined in this case depends upon the construction to be placed upon the will of Mrs. Cuming, the sister of the plaintiff, so far as it disposes of her property upon the death of her son. The will devised the estate to him after her husband's death, and provided that if he died unmarried, without issue, before he was twenty-one years of age, she gave and devised to her two sisters, Leonora Van Antwerp and Estherina Fisher, "all the estate given to me by my mother, of every name, nature and kind, and also all my silver and plated ware and parlor clocks, to be equally divided between them." It further declared that in case either of her sisters should die without leaving a child or children, then the survivor should take the whole. If both died leaving a child or children, then the share to which each of said sisters would be entitled, if living, should go to such child or children, to be equally divided between her children if there were more than one. If either should die without leaving a child or children, then she devised "the said estate," to the child or children of the sister who died leaving such child or children. Upon the decease of the testatrix there is no question that the husband became seized of a life estate in her estate, and the son was seized of the remainder which became vested at once in fee, subject to be defeated if he died before he arrived at the age of twenty-one years, unmarried and without issue. (2 Washb. 253.)

The estate would then pass we think to the sister who was living at the time of the death of the son of the testatrix. After the provision as to the son's death the word " then " is used immediately preceding the devise to the two sisters of the testatrix, and its obvious meaning is : *at that time*, that is, at the time of the death of the son and not *before* such death. The evident intention of the testatrix was, to devise the estate to her sisters when this event happened and not before, or in case of one of them being dead without issue, to the survivor, or in case of both or either dying leaving a child or children, to such child or children.

In the construction to be placed upon a devise in a will, the main purpose to be kept in view, and which should be controlling, is to ascertain the intention of the testator, and in determining this, we are to consider the whole instrument and the circumstances surrounding the testator and are not confined alone to the clause which is the subject of interpretation. Having this rule in view, and it appearing by the will itself that the testatrix intended to dispose of the estate to be derived from her mother, it is a fair assumption that she did not desire that it should be diverted from her mother's family, or pass into the hands of strangers, and hence she provided for its distribution among the child or children of one or both of her sisters as should die leaving a child or children. That she had this in contemplation, and that her intention was that the estate should not become vested until the death of her son, is also supported by the circumstance that she died the next day after the will was executed, and that it was no doubt made in view of an early death. It is unreasonable to suppose and is not a legitimate inference from the circumstances, that she would have made provision in her will for the child or children of one of her sisters who was at the time unmarried, if she had intended that the survivorship should relate to the time of her death. The learned counsel for the appellant relies especially upon the case of *Moore* v. *Lyons* (25 Wend. 119), to sustain a different construction. In that case the devise was of real estate to one for life, and from and after her death to

her three daughters or to the survivor or survivors of them, their heirs or assigns forever, and it was held that the words of survivorship referred to the death of the testator and not to the death of the tenant for life.

This construction was placed upon the devise, because any different one would defeat the object of the testator, and the case simply holds that the words of survivorship refer to the death of the testator and not the tenant for life, unless a contrary intention was manifested. In the case at bar the language of the devise is not the same as in the case cited, and from the circumstances a contrary intention was manifest. In making a testamentary disposition of an estate derived from an immediate ancestor no presumption is to be indulged that the testator intended that the estate should pass from his own family to strangers, unless the expression of such an intention is clear and distinct and no other construction can be maintained. This construction gives validity and effect to the entire clause of the will in question, as if those which follow the devise to the son are interpreted to speak as of the date of his death, in case he should die before twenty-one, they simply provide who shall take upon the happening of that event, and it was manifestly intended that *then* an absolute fee should immediately vest in the person or persons indicated by the will; that is, if the two sisters were then alive, they were to take; if one of them was then dead, leaving a child or children, then such child or children should take the share the mother would have taken had she lived; if one was then dead, leaving no child, the surviving sister was to take the whole; if both the sisters died before the son, and both left a child or children, such issue would take the mother's share; and if one left no child or children and the other did, the child or children of the latter should take. As the estate absolutely vested upon the death of the son, there was no unlawful suspension of the power of alienation, and it was simply suspended during the life-time of the husband and the minority of the son. If this construction is correct, the sisters had, prior to the death of the son, an estate in expectancy or a remainder contingent upon his death without issue

before he arrived at the age of twenty-one years, and also con-
tingent upon their surviving him. And in case of the death
of either of the sisters while the son was living, as well as upon
his arriving at twenty-one, her estate terminated. Upon the
death of Estherina, having no child or children, her interest
ceased to exist, and the estate in expectancy of the other sister,
the plaintiff, was enlarged, so as to include the whole instead
of a moiety of the property in question, and upon the death of
the son before he reached the age of twenty-one, unmarried
and leaving no child, this ripened into an absolute fee, and at
the time of entering into the contract with the defendant she
owned and could convey a complete and perfect title. The
effect of the devise really was that Estherina's right to the
estate depended upon her surviving the son of the testatrix,
and she having died before that event occurred, the whole
estate passed to the surviving sister. The point taken, that
there being a repugnancy and manifest contradiction between
the clause which provides that if either sister dies without leav-
ing children the survivor shall take the whole, and the last
clause, that in such case the children of the sister should take
the whole, is not, we think, available. Although the language
of the latter clause is somewhat obscure, as it follows the clause
providing for the case of the death of both sisters, leaving issue,
it is reasonable to assume that it was intended to provide in the
last clause for the case of both dying, one without and the other
leaving issue, in which latter case such issue were to take. This
construction renders the whole provision consistent, valid and
effectual; and where an interpretation can fairly be given to
a will which will accomplish such a result it should be adopted.
The question whether the devise to the sisters of the testatrix
may be regarded as a joint estate or as a devise to them as ten-
ants in common is not material, in view of the fact that under
the will no estate became vested in possession in either of them
prior to the decease of the son, upon which event their interest
entirely depended. It is insisted that the estate being one in
expectancy, which is declared by statute to be descendible,
devisable and alienable, the same as estates in possession. (1 R.

S. 723, §§ 9, 10, 11, 12, 13; id. 725, § 35.) Although the right to the estate was postponed to a future period and depended upon a contingency, an interest was acquired which was liable to be defeated upon the failure of the contingency upon which it was to become vested. The devise to the two sisters was of a future estate, where the person to whom and the event upon which it was limited to take effect were uncertain, and was therefore contingent. (§ 13, R. S., *supra; Moore* v. *Littel,* 41 N. Y. 66; *Sheridan* v. *House,* 4 Keyes, 569; *Woodgate* v. *Fleet,* 44 N. Y. 1; *Ham* v. *Van Orden,* 84 id. 257.) While, then, the estate was devisable, the devise would necessarily be limited to such an interest as really existed, which was a future contingent remainder, which, by reason of the death of Mrs. McCready prior to the decease of the testatrix's son, never became vested in interest or possession. As events transpired as we have seen, the interest which Mrs. McCready devised to her husband had terminated before it became vested in her, and, therefore, he took nothing by her will.

The claim that the provision as to survivorship is void because under it the absolute power of alienation would be suspended for a longer period than the law permits, is answered by the discussion already had.

The position that the will presents difficult questions of construction, and, therefore, the court will not compel a specific performance, is not well supported. While there may be cases where such relief should be refused, we think that this case does not come within the exception, and the case cited by the appellant's counsel on this point is not analogous and should not control. It may also be remarked that this was a matter within the province of the court below to determine, and the exercise of its discretion in this respect should not be disturbed unless clearly wrong.

No other point presented demands comment, and the judgment should be affirmed.

All concur; FINCH, J., concurring in result.

Judgment affirmed.