FRANCIS J. BYRNES et al., Respondents, *v.* BENJAMIN M. STIL-
WELL et al., Appellants.

A clause in the will of G., after a devise to his daughter Maria of two lots,
continued thus : "Immediately after the death of my said daughter
Maria, I give, devise and bequeath the last aforesaid two lots   *   *   *
unto the lawful child or children of my said daughter, his or their heirs
forever ; if more than one, share and share alike as tenants in common."
In case any of the children of Maria "at the time of her death be dead
leaving a lawful child or children, him or her surviving," it was provided
that "such child or children shall take the share or portion which his,
her or their parent would be entitled to if living." In an action for the
partition of the land devised, it appeared that at the time of the death of
the testator the daughter named was the mother of six children, three of
whom died without issue before her death. After the testator's death
five more children were born to her, all of whom survived her. *Held*,
that the six children living at the testator's death took a vested remainder
in fee subject to open and let in children born thereafter ; that the five
children thereafter born became entitled to a share in the remainder;
that the shares were not enlarged by the death of three of the remainder-
men without issue, but that their shares were alienable, descendible and
devisable; that the words "if living" did not refer to the time of the
death of the life-tenant, and were not intended to limit the number of
shares to those of her children who should survive her, but had special
reference to the share or shares which the issue of the deceased children
were to take in case they left issue.

An estate in fee, created by a will, cannot be cut down or limited by a sub-
sequent clause, unless it is as clear and decisive as the language of the
clause which devises the estate.

*Nodine* v. *Greenfield* (7 Paige, 544), *De Peyster* v. *Clendining* (8 id. 295),
*Kane* v. *Astor's Executors* (5 Sandf. 467) ; *In re Ryder* (11 Paige, 185);
*Sheridan* v. *House* (4 Keyes, 569), *Moore* v. *Littel* (41 N. Y. 66), *Smith*
v. *Scholtz* (68 id. 41), *Kelso* v. *Lorillard* (85 id. 177), distinguished.

*Byrnes* v. *Labagh* (38 Hun, 523), modified; the legal conclusions of the
courts below held erroneous.

(Argued October 13, 1886 ; decided November 23, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the first judicial department, entered upon an order
made January 14, 1886, which affirmed a judgment entered
upon decision of the court on trial at Special Term. (Reported
below, 38 Hun, 523, *sub nomine Byrnes* v. *Labagh*.)

This was an action for the partition of certain lands in the
city of New York.

The material facts are stated in the opinion.

*Benjamin M. Stilwell* for appellants. Where an estate is given in one part of a will in clear and decisive terms such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Clark.* v. *Leupp*, 88 id. 231; *Freeman* v. *Coit*, 96 id. 63.) In case any of the children of the testator's daughter who were living at the time the will was made, or who should be afterward born, should die during the testator's life-time, any devise made to the one so dying would lapse, and if he or she left issue him or her surviving, such issue would take nothing under the devise to its·parent. (*Bishop* v. *Bishop*, 4 Hill, 139; *Mowatt* v. *Carow*, 7 Paige, 340; *Van Beuren* v. *Dash*, 30 N. Y. 414.) A devise of the remainder to his daughter's children, as a class, although it would vest at .the death of the testator in those then living would open to let in afterborn children. (*Doe* v. *Provost*, 4 Johns. 61; *Stevenson* v. *Leslie*, 70 N. Y. 517.) The testator intended that upon his death his daughter should be entitled to, and should take, a life estate in his land; and that her children, who should then be living, should at the same time be entitled to, and should take, a vested remainder in fee in the lands, if more than one, share and share alike, and as tenants in common; subject, however, to open and let in afterborn children to an equal share with them. (*Wemple* v. *Fonda*, 2 Johns. 288; *Doe* v. *Provost*, 4 id. 61; *Livingston* v. *Green*, 52 N. Y. 124; *Embury* v. *Sheldon*, 68 id. 233; 4 Kent's Com..367–8.) The .words " at the time of the death of my daughter Maria," like the words previously used, " from and after her death," refer simply to the time at which the devisees are to take in possession and enjoyment, and not to the time at which they become entitled to it. They became entitled to it upon the death of the testator. (*Ackerman* v. *Gordon*, 67 N. Y. 66.) When a testator has in one clause of his will, in clear and decisive terms, devised an estate in fee such estate cannot be taken away, or cut down, by rais-

ing a doubt upon the extent or meaning or application of a subsequent clause, nor by inferences therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate. (*Thornhill* v. *Hall*, 2 Clark & Fin. 22; *Roseboom* v. *Roseboom*, 81 N. Y. 359; *Campbell* v. *Beaumont*, 91 id. 467; *Freeman* v. *Coit*, 96 id. 68.) Where a devise of lands in fee is followed by limitations or qualifications, it is a settled and invariable rule not to disturb the prior devise, further than is absolutely necessary, for the purpose of giving effect to the posterior qualifying disposition. (1 Jarm. on Wills, 414.) In order to defeat an express and clear devise, made in appropriate terms, there must be an actual disposition or gift of the same property to some other person; mere negative words will not do. (1 Jarm. on Wills, 294; *Parsons* v. *Best*, 1 Sup. Ct. [T. & C.] 211.) In determining the intention of the testator, consideration must be given not only to the language which he uses, but also to that which he does not use. (*Robins* v. *McCrae*, 100 N. Y. 338; *In re Brown*, 93 id. 299.)

*Daniel T. Walden* for respondents Labagh and McMullen. The only persons entitled to share in the estate in controversy are the children of Maria (Wood) Mulock, who were living at her death, there being no children of deceased children. (*Miller* v. *McBlain*, 98 N. Y. 517, 522.) We are not to assume that the testator used words which mean nothing. (*Delafield* v. *Shipman*, 34 Hun, 514, 518; *Selby* v. *Whittaker*, 22 Eng. Rep. [Moak's ed.] 784.) A clause in which the period of survivorship is fixed at the death of the life-tenant must be read as if the testator had said, "I give to those who are surviving at the termination of the life estate." (*Livingston* v. *Greene*, 52 N. Y. 120.) It is a fair presumption that the testator intended to act equitably and equally by all; therefore, in determining the intention it is proper to consider the peculiarity of the language, and if it can be made to express an intention consistent with just and equitable disposition, it should be adopted. (*Abbott* v. *Middleton*, 7 H. of L. Cas. 89; *Bathurst* v. *Errington*, 20 Eng. Rep. [Moak's ed.] 213; *Carter* v. *Hunt*, 40 Barb. 89; *Taggart* v. *Murray*, 53 N. Y. 233.)

*Rudolph F. Rabe* and *R. E. Deyo* for respondent Byrnes. The testator intended and did provide that only those children should be entitled to take a share of his lands in possession and enjoyment who survived their mother, and that if either died in the life-time of the mother without leaving lawful children, such deceased child's share or interest should pass to the survivors only. (*In re Ryder*, 11 Paige, 185, 187; 1 R. S. 723, § 13; *Wild's Case*, 6 Coke, 17; *Boraston's Case*, 3 Rep. 19; *Parkhurst* v. *Smith*, Willes, 327; *Hunt* v. *Moore*, 14 East, 601; *Bloomfield* v. *Crowder*, 1 Bos. & P. [N. R.] 313; *Doe* v. *Newell*, 1 M. & S. 327; *Beekman* v. *Schermerhorn*, 3 Law Ch. 182; *Nodine* v. *Greenfield*, 7 Paige, 544; *DePeyster* v. *Clendenning*, 8 id. 292; *Doe* v. *Considine*, 6 Wall. [U. S.] 458, 472, 479; *Kane* v. *Astor's Exrs.*, 5 Sandf. 469, 472, 521; *Williamson* v. *Berry*, 8 How. [U. S.] 495; *Sheridan* v. *House*, 4 Keyes, 569; *Moore* v. *Littel*, 41 N. Y. 66, 80; *Smith* v. *Scholtz*, 68 id. 41; *Kelso* v. *Lorillard*, 85 id. 177; *Williamson* v. *Field*, 2 Sandf. Ch. 533; *Jenkins* v. *Freyer*, 4 Paige's Ch. 47; *Lawrence* v. *Bayard*, 7 id. 75; *Harrison* v. *Foreman*, 5 Ves. 207; *Blanchard* v. *Blanchard*, 1 Allen, 223; *Ferson* v. *Dodge*, 53 Pick. 287, 292; *Price* v. *Hall*, L. R., 5 Eq. 339, 402; *Wylie* v. *Lockwood*, 86 N. Y. 291; *Bennett* v. *Garlock*, 10 Hun, 328, 339.) A remainder must actually vest in possession and beneficial enjoyment, if only for one instant, in order to give vitality to a devise or conveyance of the same. (*Sheridan* v. *House*, 4 Keyes, 369; 1 R. S. 725, § 35; *Beach* v. *Hollister*, 3 Hun, 519, 521; *Bennett* v. *Garlock*, 10 id. 328, 339; *House* v. *McCormick*, 57 N. Y. 310, 316; *Kelso* v. *Lorillard*, 85 id. 177, 184.)

*Robert L. Harrison* for respondents LeGendre. The estate of Charles W. Wood and Eliza Josephine Stilwell was a remainder after the life estate of their mother, subject to be divested by death before their mother without issue. (*Moore* v. *Littel*, 41 N. Y. 66; *Doe* v. *Considine*, 6 Wall. 458; *Smith* v. *Scholtz*, 68 N. Y. 41; *Kelso* v. *Lorillard*, 85 id. 177.)

*John Henry Hull* for respondents Mulock and Lugar. The

estate possessed by the said children of Maria Wood or Mulock was a vested remainder, but one subject to be divested by the death of any of said children before the death of the life-tenant. (*Kelso* v. *Lorillard*, 85 N. Y. 177; *Moore* v. *Littel*, 41 id. 66.)

Miller, J. The question arising in this case depends upon the construction to be placed upon the provisions contained in the last will and testament of John W. Gilbert, deceased, which provisions, so far as material, are as follows: " I give, devise and bequeath unto my daughter Maria, the wife of John Wood, for and during, and for the full end and term of her natural life, my two lots of ground situate, lying and being in the second (late third) ward of the city of New York, \* \* \* and from and immediately after the decease of my said daughter Maria, I give, devise and bequeath the last aforesaid two lots of ground, houses, buildings and premises, \* \* \* so as aforesaid given unto my said daughter Maria during her natural life, unto the lawful child or children of my said daughter, his, her or their heirs forever, if more than one, share and share alike, as tenants in common; and in case any or either of the children of my said daughter Maria at the time of her death be dead, leaving a lawful child or children him or her surviving, such child or children shall take the share or portion which his, her or their parent would have been entitled to if living; to have and hold to him, her or them, and their heirs forever."

The will was executed on the 13th day of February, 1827, and the testator died in or about 1828.

The devisee, Maria, at the time of the testator's death, was the mother of six children. Another child was born to her during the life-time of her then husband, and after the death of the testator. In 1830 her husband died, and in 1834 she intermarried with William Mulock, by whom she had four children. In May, 1882, she departed this life, and left her surviving eight children, three who were living at the time of the testator's death having died without issue before her death. One of them, Charles W. Wood, who died last of the three,

during his life-time conveyed his interest in the premises by deed to the defendants Stilwell and others, who appeal and claim an interest in the premises under their deed.

The question we are called upon to determine is whether either of the three children who were living at the death of the testator, but who died during the life-time of their mother without leaving issue, took, under the provisions of this will, such a vested estate in the lands as was alienable or devisable by them, or descendible from them. The learned judge at Special Term found that they did not; and that the remainder which, upon the death of the testator, vested in these children of his daughter Maria, was subject to be, and was divested by their death before their mother without issue, and that, therefore, the grantees of Charles had no estate or interest in the land. This judgment was affirmed by the General Term.

The intention of the testator, which is to be derived from the language employed in the will itself, which is to be interpreted in the light of the surrounding circumstances, is the controlling element in the construction of wills, and, so far as can be ascertained in accordance with the rule stated, should be taken into consideration and carried into effect.

The clause in the will cited devises the lands in question to his daughter during her life; it then provides for the child or children of his daughter, and his, her or their lawful heirs forever, if more than one, share and share alike, after the life estate first given has terminated; and in case of the death of any of his daughter's children leaving a lawful child or children surviving, such child or children to take the share or portion which the parent would have been entitled to if living. No provision is made by the will in case of the death of any child or children of his daughter before the termination of the life estate of the mother. It is apparent that the devise in question was a remainder in fee to the children of the testator's daughter, subject to open and let in children born after his death, and for that reason the five children born to his daughter after his death each became entitled to a share of this remainder. Whether such remainder could be enlarged by the

death of any of the remaindermen without issue is a serious question which is not free from difficulty. It will be observed that no words of survivorship are contained in the will, either in the main devise or in the subsequent clause, which indicate an intention of the testator that the surviving brothers and sisters were to take in the event of the death of any of his daughter's children without issue. There are no words to that effect in the devise in question, and the existence of any such intention cannot, we think, be derived as a matter of inference from the language employed in the will. After the death of the daughter the devise is to her child or children, and his, her or their heirs forever, and if more than one, share and share alike as tenants in common, and if the intention of the testator was to restrict or limit the shares devised to his daughter's children, so that in the event of any of them dying in the life-time of their mother, his or her share should not pass to the heirs at law, but to the survivor, he clearly would not have added these words of inheritance, and would have used appropriate language for that purpose. The language employed, as well as the omission to use words of a different import, indicate the intention of the testator that each of the children named should take an absolute fee, subject to be diminished by the birth of other children, as tenants in common, and as contra-distinguished from joint tenants.

The use of the words "if living" in the additional clause of the will did not, we think, refer to the time of the death of the daughter, and to the children then living, or indicate an intention, in case any of the children died during the mother's life without issue, that the number of shares should be limited to those who survived their mother. Such a construction would be in direct contradiction of the previous language employed in the principal devise, and cannot be maintained in the absence of any words which convey such an intention. It may be remarked that the words cited are not connected with and do not constitute a part of the principal devise to the children of the testator's daughter, and manifestly were not intended to limit the shares which the daughter's children, if living at the

testator's death, or afterward born, were to take under the will, but had special reference to the share or shares which the issue of her deceased children were to take in case any of his daughter's children had died leaving issue. He had provided for all the others in the first portion of the devise, and it was only the issue of such as might die before the death of his daughter, and whose issue would not take under this devise for whom he intended to provide. It may also be added that it is of no importance whether the words "if living" relate to the time of the testator's death, or his daughter's death, inasmuch as none of his daughter's children died leaving issue, either during the testator's life-time, or during his daughter's life-time, and, therefore, the contingency intended to be provided against never happened. For this reason there was no qualification or limitation upon the devise which preceded it.

An estate in fee created by a will cannot be cut down or limited by a subsequent claim, unless it is as clear and decisive as the language of the clause which devises the estate. (*Thornhill* v. *Hall*, 2 Clark & Fin. 22; *Roseboom* v. *Roseboom*, 81 N. Y. 356, 359; *Campbell* v. *Beaumont*, 91 id. 467; *Freeman* v. *Coit*, 96 id. 63, 68.) The effect of the construction contended for by the counsel for the respondent would be that, in case all the children of the testator's daughter had died during her life-time without issue and there were no survivors, the estate would pass to the collateral heirs. The grandchildren of the testator would thus be divested of any absolute interest in the estate by remote kindred. They would take only an unsubstantial estate, and in case they did not survive their mother, they would be vested with no interest whatever.

The law favors the vesting of estates, and courts will always give such a construction to a will as will tend to best provide for descendants or posterity, and will prevent the disinheritance of remaindermen, who may happen to die before the termination of the precedent estate. (*Moore* v. *Lyons*, 25 Wend. 119, 142; *Scott* v. *Gurnsey*, 48 N. Y. 106; *Low* v. *Harmony*, 72 id. 408.)

We are referred by the counsel for the respondent to numerous cases, which, it is claimed, sustain the position contended for by him, but none of them are precisely in point. Those relied upon in this State are clearly distinguishable, as will be noticed upon an examination of the same. In *Nodine* v. *Greenfield* (7 Paige, 544) the devise was to the widow for life and then to the children of another person, who should be living at her death, and the issue of such as should die; and in default of such children or issue then living, then over to such person; and if he were dead, to the testator's next of kin. It will be seen that the facts differ materially from those presented in the case now considered, and the case is not analogous.

In *De Peyster* v. *Clendining* (8 Paige, 295) there was a devise of the life interest to the wife, then to his children, and upon their death to their issue; and if either of them died without issue, their shares to go to the survivors. Here is an express provision in favor of the survivors, which makes a marked distinction between the case cited and the one at bar, and renders it entirely inapplicable.

In *Kane* v. *Astor's Executors* (5 Sandf. 467, 469) the devise was to the daughter during life and then to the surviving issue, thus expressly providing for any who survived.

In *Matter of Ryder* (11 Paige's Ch. 185) the devise was to A. for life, remainder to her surviving children, and to the issue of such as should have died leaving issue at her death. Here also the survivor is provided for.

In *Sheridan* v. *House* (4 Keyes, 569) there was a grant to J. for life, and after his decease to his heirs forever; and it was held that this vested future estate of each child, though liable to be defeated by the child's death before that of his father, is, nevertheless, under our statute law, devisable, descendible and alienable. This decision sustains the view that the devisees had a vested interest, which they could lawfully dispose of; and it does not aid the plaintiff's case. If any thing, it establishes that the devisees, who died, had an interest which was vested and transferable and devisable, subject to

the conditions provided for in the grant. As the remainder in the case cited was limited to the heirs and assigns for life, before the right is absolute the tenant for life must die to terminate the estate and to ascertain the heirs. The character of heir must be gone before the remainder vests in possession, and hence the remainder may be defeated by the death of any child before his father. In the case at bar the devise is to the child or children of the life-tenant, thus specifying the character of the devise after the death of the life-tenant and leaving no uncertainty as to who was entitled to the remainder.

In *Moore* v. *Littel* (41 N. Y. 66), the devise was to a person named, and after his death to his heirs and assigns forever, and the remarks made concerning the case last cited are applicable.

In *Smith* v. *Scholtz* (68 N. Y. 41), the devise was to the grandchildren of the testator, with a provision in favor of the survivor and the heirs of such survivor, and it contains nothing adverse to the views we have expressed.

Reliance is also placed on *Kelso* v. *Lorillard* (85 N. Y. 177), where the devise was to the husband for life, remainder to a son if he should live until he became of age, and then over. Here is an express provision for defeat of the estate in case of the death of the son before maturity, and the case in no way sustains the rule contended for by the respondents' counsel.

Some other decisions are referred to which have been examined, but none of them, we think, are in conflict with the views already expressed.

It may be remarked, as to the cases relied upon by the respondents, that in several of them there was an express devise over of the remainder, either to the survivor or to some other person, in case of the death of the first devisee without issue during the life-time of the life-tenant; or other language which limited the devise of the remainder, so that it could only take effect in case of his surviving the life-tenant. None of these cases sustain the position that where there are no words of limitation or survivorship, or of devise over to some other person, in the event of the death of the remainderman without issue during the life estate, his share is to be divested entirely, or

become vested in the survivor, or any other person than the heirs or assigns.

The appellants' counsel cites several cases to sustain the position that the testator intended that, upon his death, his daughter should be entitled to, and should take a life estate in his land, and that her children who should then be living should at the same time be entitled to, and should take a vested remainder in fee in the lands; if more than one, share and share alike, and as tenants in common, subject, however, to open and let in after-born children to an equal share with them. ( *Wemple* v. *Fonda*, 2 Johns. 288 ; *Doe* v. *Provost*, 4 id. 61 ; *Livingston* v. *Green*, 52 N. Y. 124 ; *Embury* v. *Sheldon*, 68 id. 233.)

It is true that the authorities referred to tend strongly to uphold this construction of the testator's will. While they bear upon the subject, they do not, however, precisely cover the point here presented, and cannot be regarded, therefore, as entirely conclusive.

The question is a new one, and has never been determined in this court. Its solution must, therefore, stand upon the construction to be placed upon the testator's will by invoking the rules of law which are applicable to such a case.

It follows that the court below was in error in its conclusion, and the judgment should be modified in accordance with this opinion, with costs to the appellants, to be paid out of the proceeds of the sale.

All concur.

Judgment accordingly.