(Surrogate's Court, St. Lawrence County. October, 1903.)

**1. WILLS—CONSTRUCTION.**

　　Testatrix, over 70 years old, executed a will, leaving one half of her estate to her adopted grandchild A., provided that, should her grandchild B. have any child or children, the other half should be divided among them, but should go absolutely to A. should B. have no child or children. *Held,* that A. took one half absolutely and the other half subject to being divested by B. having a child, in which case that half would go to them.

**2. SAME.**

　　Where testatrix, just before her death, devised one half of her estate to A. and the other half to any children that B., 13 years of age, might have, the words "have any children" are not to be construed as of the date of the will.

In the matter of the judicial settlement of William B. Maloney, executor of Mary Rollins. Decree rendered.

D. M. Robertson, for executor.

George H. Bowers, as general guardian of Mary Rollins, pro se.

L. P. Hale, special guardian.

H. D. Ellsworth, for Florence Rollins.

HERRIMAN, S. Mary Rollins, late of Canton, N. Y., died December 13, 1901, having previously made her will, dated October 12, 1901, the material parts of which are as follows:

"Second. I give, devise and bequeath one half of all my property, real and personal, to my adopted grandchild, Mary Rollins, to be and remain hers forever.

"Third. Should my adopted grandchild, Florence Rollins, have any child or children, I will and devise that the other half of my property, real and personal, be divided equally among such child or children; but, should the said Florence have no child or children, then such share to go to the said Mary Rollins absolutely."

The word "adopted," used with reference to Florence Rollins, was improper, as Florence was actually the grandchild of the testatrix and her only heir at law and next of kin. The so-called "adopted grandchild, Mary Rollins," was a child whom the testatrix had taken from the county poorhouse when an infant six months old, and reared as "Mary Rollins." Her true name does not appear. At the date of the will the testatrix was between 70 and 75 years of age. Her granddaughter Florence was 13 years of age, and Mary was 17 years of age. The will was admitted to probate May 15, 1902, and thereafter the executor sold the real estate owned by the testatrix, and now renders his account for judicial settlement. The account shows a balance of $687.51 in the hands of the executor after payment of debts, funeral expenses, and expenses of administration. "Mary Rollins" through her general guardian, now claims that she is entitled to the whole of this surplus on the ground that the will speaks as of the date of the death of the testatrix, and that, as Florence had no child at that time, the condition upon which Mary was to have the entire estate was satisfied. This does not seem

to me to be in accord with the true intent of the testatrix or with the legal construction of the will. The testatrix must have known that it was beyond all probability that Florence would have a child before the death of the testatrix. Their respective ages made such an event very unlikely. Florence's children, if she shall have any, will be the direct descendants of the testatrix, and every presumption is against an intention to disinherit them. Scott v. Guernsey, 48 N. Y. 106; Byrnes v. Stilwell, 103 N. Y. 453, 460, 9 N. E. 241, 57 Am. St. Rep. 760. If Florence had a child living at the death of the testatrix, one-half of the estate would have immediately vested in such child, subject, however, to open and let in children subsequently born. Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. St. Rep. 760; Surdam v. Cornell, 116 N. Y. 305, 22 N. E. 450; Monarque v. Monarque, 80 N. Y. 320. If this be true, it would be absurd to say that such subsequently born children shall have no rights merely because no child was born to Florence before the death of the testatrix.

It is urged by counsel for Florence that if the devise be held to be for the benefit of such child or children as she may hereafter have, then the testatrix died intestate as to the use of one-half of her estate pending the birth of a child to Florence or her death without issue. But neither does this seem to me to be the intent of the testatrix. She intended Mary to have the whole estate except in case Florence should have issue. It does no violence to the language or evident wishes of the testatrix to read the will as giving one half of the estate to Mary absolutely and the other half to her conditionally upon Florence having no child or children, but, if she have, then to such child or children. This half of the estate must then vest in Mary, subject to its being divested by the birth of a child to Florence. This seems to me to be the plain intent of the testatrix, and a decree may be drawn settling the account of the executor as filed, and directing him to pay one half of the surplus to Mary's guardian, and to retain the other half, pending the birth of a child to Florence or her death without issue, paying the income meantime to Mary's guardian.

Decreed accordingly.