BREEN v. CONWAY et al.

(Supreme Court, Special Term, New York County. August 21, 1911.)

1. WILLS (§ 627*)—CONSTRUCTION—INCOME.

Under a bequest of the income of testator's estate to testator's wife and children, share and share alike, during the life of the wife, the beneficiaries were to enjoy the income in common, each having an individual share, and upon one dying her share of the income which accrued thereafter passed under Real Property Law (Consol. Laws 1909, c. 50) § 63, to the person presumptively entitled to the next eventual estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1452–1459; Dec. Dig. § 627.*]

2. WILLS (§ 854*)—CONSTRUCTION—REAL ESTATE.

Under a bequest to certain parties of the income of the estate in trust during the life of the testator's wife and bequeathing the real estate upon her death to three persons in equal shares, their issue to take the share of the parent, the latter beneficiaries each took a vested remainder in one-third of the real estate subject only to the trust and to the contingency mentioned; and upon the death of one before the end of the trust period, her interest passed to the person to whom she had bequeathed it, such person being the one presumptively entitled to the next eventual estate under Real Property Law (Consol. Laws 1909, c. 50) § 63, and did not pass to her two colegatees, though she died without issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2170; Dec. Dig. § 854.*]

Action for construction of will of Manning F. Lawson, brought by Owen P. Breen, as executor and trustee, against Sarah A. Lawson Conway and others. Will construed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M. Spencer Bevins, for plaintiff.
Henry Fluegelman, for defendant Conway.
David T. Davis and A. A. Van Tine, for defendant Van Tine.
Charles H. Beckett, for defendant Lawson.

BISCHOFF, J.   Manning F. Lawson died seised of certain real estate, which, by his will, he left in trust in the following terms:

"Third. I give, devise and bequeath all my real estate wheresoever situate, to my friends Scott Foster and William Milne, in trust nevertheless, during the life of my said wife Sarah A. Lawson, to receive the rents, issues and profits thereof and to apply the same in equal shares or portions to the use of my said wife Sarah A. Lawson, my son A. Franklin Lawson and my daughter Irene N. Lawson during the life of my said wife, share and share alike.   In the event of the death of my said son or daughter, during the life of my said wife, leaving issue him or her surviving, such issue shall take the share or portion of said rents, issues and profits, during the life of my wife, that the parent would have taken if living.

"Fourth. Upon my death of my said wife, I give, devise and bequeath all my aforesaid real estate to my son A. Franklin Lawson, my daughter Irene N. Lawson and my nephew Alfred P. Lawson of Gurnee, Illinois, in equal shares or portions.   The issue of either my said son, daughter or nephew to take the share or portion of the parent."

The wife, son, daughter, and nephew so named in the will survived the testator; but in the year 1908 the daughter, Irene, died leaving no issue, and a question thus became presented as to the disposal of this daughter's share of the income, during the period of the trust—the widow's lifetime.   Irene Lawson left a will, duly admitted to probate, whereby, after providing for a small legacy, she devised all her property, real and personal, to the defendant Minnie C. Van Tine.

[1] To my mind, it is quite apparent that the beneficiaries of the income under the third clause of the will of Manning F. Lawson, above quoted, were to enjoy the income, not as a class nor as joint distributees, but in common; each having an equal individual share. This is the reasonable and natural meaning of the words employed, and there is nothing to suggest that, upon the death of one, the testator intended the income to go to the survivors.   As I view the situation, Irene's death without issue left her share of the income, thereafter accruing, to be distributed as trust income, undisposed of by the terms of the trust, and so to pass under the statute (Real Property Law, § 63) to the person presumptively entitled to the next eventual estate.   In re Tompkins, 154 N. Y. 634, 49 N. E. 135; Young v. Barker, 141 App. Div. 801, 127 N. Y. Supp. 211.

[2] Under the fourth clause of this will, Irene took a vested remainder in one-third of the testator's real estate—the subject of the trust from which the income was to be derived—with the contingency of a divesting in favor of her issue should she die during the trust period, leaving issue.   There is no other contingency provided, and, upon well-settled principles, the remainder was not to be taken as contingent upon her survivorship to the end of the trust period, nor upon the presence of issue to succeed her, in the absence of words creating such a limitation or condition.   Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760; Bowditch v. Ayrault, 138 N. Y. 222, 33 N. E. 1067.

This vested remainder having been devised by the remainderman to the defendant Minnie C. Van Tine, the latter answers the description of the person "presumptively entitled to the next eventual estate" (In re Tompkins, supra; Young v. Barker, supra), and is to receive the income payable to Irene, had she lived, during the period of the trust. The suggestion, obiter, in Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971, that income attaching to a vested remainder, subject to no contingency, is not within the strict terms of the statute providing for distribution to persons presumptively entitled to the next eventual estate, was not followed in the later case of Matter of Tompkins, supra, where the remainder had fully vested, as in the case before me, and the actual decision of the Court of Appeals upon that state of facts is necessarily controlling.

To the extent that my determination, in favor of the defendant Van Tine, involves the validity of the will of Irene Lawson, as an instrument effective to pass title to real estate, the matter is within the issues, and the only persons answering the description of her heirs at law are parties to the record.

My construction of the will of Manning F. Lawson, however, is to be limited to the question of income. So far, I have been called upon, as between the parties before me, to consider the nature of the remainder devised to Irene, and the record is complete for the purpose of an adjudication as to the distribution of income.

Except as to the parties to the action, and as involved in the question of this present distribution, pending the termination of the trust, no judgment is to be rendered determining the character of Irene Lawson's interest in remainder, since parties necessary to that determination have been omitted.

Alfred P. Lawson, one of the persons named in the "fourth" clause of this will, has three children contingently interested in remainder, and whose interest would be enhanced by an adjudication that the remainders vested only in those persons named who survived the life beneficiary, or in their issue. These omitted parties, however, are not interested in the income, and my construction of the will, as so limited, does not affect them.

I conclude that the defendant Minnie C. Van Tine is entitled to the income accruing to the share of Irene Lawson under the third clause of the will presented for construction.

I have indicated upon the proposed findings submitted my disposal of the requests to find. Form of judgment may be submitted on notice of settlement. Decision signed.