WILLIAM A. VALENTINE, Individually and as Sole Surviving Executor of the Last Will and Testament of JEANIE A. VALENTINE, Deceased, Plaintiff, v. JOHN B. AYCRIGG and Others, Defendants.

Supreme Court, New York County, February 3, 1927.

Wills — construction — decedent, by will, gave husband life estate in real property owned jointly or in common at her death with sisters and brothers, with remainder to sisters and brothers " and to the issue of such of them, if any, as shall predecease " said husband — will also gave husband, in his discretion, right to dispose of any part of estate with assent of said brothers and sisters as should be alive — intent of decedent was to vest remainder of said estate in brothers and sisters surviving husband, or in their issue by substitution if any did not so survive — in event any of brothers or sisters predeceased husband without issue their share lapsed and was merged in general remainder.

A will, by which the decedent gave her husband a life estate in all the undivided interests or shares in such real estate as at the time of her death she owned jointly or in common with her brothers and sisters, and further directed that upon his death said estate should go to her sisters and brothers " and to the issue of such of them, if any, as shall predecease " her husband, must be construed as evidencing an intention on the part of the decedent to vest the remainder in the brothers and sisters surviving her husband, or in their issue by substitution if any did not so survive, so that if any of the brothers or sisters predeceased decedent's husband without issue their share lapsed and was merged in the general remainder. A further provision in decedent's will, by which her husband in his discretion was given authority of disposing of any part of the estate with the assent of such brothers and sisters as should be alive at the time of said disposition, indicates a further intention on the part of the decedent in favor of a general remainder.

MOTION by plaintiff for judgment on the pleadings in an action involving the construction of a will.

*Olcott, Olcott & Glass,* for the defendants Passaic National Bank and Trust Company and Walter Kip, executors of estate of James N. Fuller, deceased.

*Webb, Patterson & Hodley,* for the defendant Chatham and Phenix National Bank, executor of estate of Benjamin Aycrigg, deceased.

*Bleeker & Tuckerman,* for the plaintiff.

*Harold W. Bailey,* for the defendant Louis Becroft.

*Alexander I. Rorke,* guardian *ad litem,* for the defendant Helen Elizabeth Aycrigg and others.

*Rollins & Rollins,* for William A. Aycrigg.

COTILLO, J. This is a motion for judgment on the pleadings made by plaintiff. The action involves the construction of a will, the facts being undisputed. The plaintiff is the executor of the estate of Jeanie A. Valentine, who, by her will, devised certain real estate in New York and New Jersey, of which she was seized in common with her brothers and sisters. The question has arisen as to the effect of the devise in article " fourth " of the will, which reads as follows:

" *Article Fourth.* All undivided interests or shares in such real estate as at the time of my death I may own jointly or in common either with my sisters and brothers and the successors in interest of such of them, if any, as shall predecease me, or with any of them, I give and devise to my husband, William A. Valentine, for his own benefit during the term of his natural life, and upon his death absolutely and in fee equally, share and share alike to my two sisters, Annie Aycrigg Fuller and Kate Aycrigg, my three brothers, Benjamin A., John and William, and to the issue of such of them, if any, as shall predecease my husband, such issue to take collectively by substitution the share only which his, her or their parent would if living have taken.

" I authorize and empower my said husband, in his discretion and in such manner and upon such terms as shall seem expedient to him, to exchange for other real estate or to sell and convey or to lease from year to year or for a term of years (with or without provision as to renewals of such lease or leases) the undivided interests or shares (which in this will are devised to him for his life with remainder in fee to my said two sisters, three brothers and the issue of such of them, if any, as shall predecease my husband) in any part or all of such real estate, provided, nevertheless, that my said husband shall first obtain the assent of such of my said sisters and brothers as are herein named and as shall be alive at the time of the execution by my said husband of each such lease or conveyance."

There is no question of the right and interest of the husband under the will, the sole difficulty being raised by conflicting claims of the several defendants. On the one hand, it is urged that the interest of the testatrix was to vest the remainder in the brothers

and sisters surviving the life tenant, or in their issue by substitution if any did not so survive; and consequently if any of the brothers or sisters predeceased the husband of the testatrix *without issue*, their share lapsed, and was merged in the general remainder. On the other hand, it is argued that the remainders which became vested upon the death of the testatrix were subject to be divested, only in the event of the death of the remainderman leaving issue in which case his share was to vest in his issue. But if such remainderman died without issue, his estate nevertheless took absolutely and the contingent divestiture provision was defeated in the particular instance.

The general canons of construction in interpreting doubtful provisions of a will furnish guides to arrive at the intention of the testatrix. On the other hand, as is said in *Bowditch* v. *Ayrault* (138 N. Y. 222, 230): " Each will must, to a certain extent, be the guide to its own construction."

The consideration of paramount importance is the intention of the testatrix as expressed in the will. " All other rules for the interpretation of wills are subordinate to the requirement that the intention of the testatrix should be sought and given effect when that may lawfully be done." (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573.)

Let us consider the situation of the testatrix when she made the will. She was married, but childless, and her first thought was to provide a life income from her real estate to her husband. This property she owned in common with her five brothers and sisters. Following her natural impulse she provided that her undivided interest should vest in remainder to her nearest relatives, who, in addition, were co-owners of the realty. If no mention were made in the will of any provision in the event of any remainderman predeceasing the life tenant, there would be no doubt that each remainder would vest absolutely, and pass to the estate of the deceased remainderman. What was her intention, therefore, in providing for the issue of a brother or sister dying before the life tenant? Was it to make certain that the property was to remain in the line of lineal descent, or was it merely to provide that the issue of the deceased remainderman were to take the property to the exclusion of other persons having an interest in the estate? The second alternative undoubtedly existed in the mind of the testatrix, and the provision would prevent a remainderman having issue from disposing of his interest to the exclusion of such issue. On the other hand, was it her intention to exclude any one but her sisters and brothers or their issue from participation in the remainder of the property? Such a construction would

imply that the vested remainder of any sister or brother would lapse with the death of such remainderman who left no issue. If the provision of the 1st paragraph of article " fourth " of the will stood alone, I should be inclined to hold, under the general rules of construction, that it was not the intent of the testatrix to divest the interest of a remainderman who died without issue. Thus, in *Byrnes* v. *Stilwell* (103 N. Y. 453) in an analogous but not entirely similar situation, the court said: " Whether such remainder could be enlarged by the death of any of the remaindermen without issue is a serious question which is not free from difficulty. It will be observed that no words of survivorship are contained in the will, either in the main devise or in the subsequent clause, which indicate an intention of the testator that the surviving brothers and sisters were to take in the event of the death of any of his daughter's children without issue. There are no words to that effect in the devise in question, and the existence of any such intention cannot, we think, be derived as a matter of inference from the language employed in the will."

There are, however, certain circumstances here which indicate the intention of the testatrix, notwithstanding the absence of a survivorship clause diverting the interest of a deceased brother or sister dying without issue, in favor of the general remainder. In giving the life tenant power to sell, exchange or lease, the testatrix provided that he " shall first obtain the assent of such of my said sisters and brothers as are herein named *and as shall be alive* at the time of the execution by my said husband of each such lease or conveyance." If it was the intent of the testatrix to give *absolutely* vested remainders to all those named in the will, regardless of their predecease of the life tenant without issue, why was the necessary consent to be obtained limited to such brothers and sisters as were living, to the exclusion of the legal representatives of the deceased brothers or sisters? This fact, together with the circumstances that the testatrix left no children, that the property is realty, and that she was a tenant in common with the remaindermen, impel me to the conclusion that it was her intent that the property remain in the family, and that if any brothers or sisters died without issue their share was to revert to the general remainder. Judgment is, therefore, directed for the plaintiff. Submit findings and judgment accordingly.