W. CLEVELAND ALLEN *v.* MARGARET GERTRUDE ALLEN et al., Appellants, Impleaded with LEWIS ALLEN BAILEY et al., Respondents, et al.

1. APPEAL — MOTION TO DISMISS. An objection to the entertainment of an appeal by the Court of Appeals, on the ground that it does not appear by the record that infant defendants and respondents had been served with process in the action, should be presented by a formal motion to dismiss the appeal, after notice to all parties.

2. WILL — CONSTRUCTION — TRUST — SUSPENSION OF POWER OF ALIENATION. A will of real and personal property, attacked on the ground that it violated the statutory limitation upon the suspension of the power of alienation by creating a trust for a greater period than two lives in being at the death of the testator, *held* to be saved from such objection by provisions therein directing the division of the estate, for which three life beneficiaries were designated, into two distinct and separate funds and shares, one share for the benefit of one of the life beneficiaries and the other for the benefit of the two other beneficiaries, and disclosing an intention to create two valid and distinct corresponding trusts, the first for one life and the other for two lives in being.

3. TRUST — POWER TO SELL AND RE-INVEST. A testamentary trust for a period in excess of the statutory limitation upon the suspension of the power of alienation is not saved from the condemnation of the statute by the fact that the trustee is empowered to sell the trust property and to invest and re-invest the proceeds, where, notwithstanding the power of sale and its incidents, the estate remains fettered by the trust.

*Allen* v. *Allen,* 63 Hun, 635, affirmed.

(Argued April 9, 1896; decided April 21, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 13, 1892, which affirmed a judgment entered upon a decision of the court on trial at Special Term sustaining the validity of a will.

This was an action for the partition of certain lands in the city of Buffalo, brought to test the validity of the will of Lewis F. Allen, deceased.

The following provisions of the will are material, viz. :

" IV. It is my will and intention that my said two children shall share in all the income, revenue, benefits and advantages

of my estate in the following proportions : My said son, William Cleveland Allen, shall have six-tenths (6-10) and my said daughter shall have four-tenths (4-10) thereof, as nearly as may be.

\*          \*          \*          \*          \*          \*          \*          \*

" V. I do hereby give, devise and bequeath all and singular, the rest, residue and remainder of my estate, both real and personal, to John Auchinvole and Franklin Sidway, both of said city of Buffalo, and to the survivor of them, in trust, nevertheless, and to and for the following uses and purposes, to wit :

(Here follow a power of sale and details not material to this appeal.)

Subdivision 1.   (Provides for payment of taxes, etc.)

" Subdivision 2. To pay over in the proportions mentioned (four-tenths) to my daughter and (six-tenths) to my said son of the remainder of said rents, issues and proceeds to my said son, Willis Cleveland Allen, or in their or his discretion, to use and apply the same to and for the support and maintenance of my son and his family during his natural life, or to his widow if she survive him, during her natural life.

" Subdivision 3. To pay over in the proportion aforesaid, of said remainder of said rents, issues, etc., to my said daughter, Margaret Gertrude, or in his or their discretion, to use and apply the same to and for the support and maintenance of my said daughter, Margaret Gertrude, and her children during her natural life.

" VI. As it is my wish and intention that in the division of my estate as aforesaid, for the benefit of my said children, the share held in trust for the benefit of my said son shall consist primarily of my real estate and personal property on Grand Island, and that the share held in trust for the benefit of my said daughter shall consist primarily of my real estate and personal property in the city of Buffalo, and as I desire that the division of my said estate be made with great care and strict equity by said trustees, therefore, I hereby author-

36

ize and request them, as soon after my decease as practicable, to appoint and employ such and so many suitable, proper and expert persons as they may deem necessary to make an inventory and appraisal of all the real and personal property and estate of which I may die possessed, and to pay such persons a reasonable and proper compensation for their services out of my said estate, and such inventory and appraisal, when made, shall be binding and conclusive upon all persons interested in my estate, and the value placed upon said property in and by such appraisal and inventory shall be deemed and taken to be the true value thereof, for the purpose of settling, dividing and distributing the same according to the provisions hereof.

" And for the purpose of preventing so far as is possible any disputes or difficulties concerning my said estate or the management, division or disposition thereof, I do hereby will and direct that said trustees divide the same into two several funds or parts, one to be composed of six-tenths thereof and the other of four-tenths of the same, as nearly as practicable," etc.   *   *   *

" And when said two sums shall be so separated from each other upon the basis and in the proportions aforesaid, they shall from that time forth, and until the decease of both my said son and daughter and my son's wife, be and remain separate, distinct and independent funds, held in trust, one (said six-tenths part) for the benefit of my son and his family and the other (said four-tenths part) for the benefit of my daughter and her family, as herein directed, and there shall be no further commingling or changing them, or either of them, until the death of both my said son and daughter and my said son's wife.   *   *   * "

" VII. In case my son, W. Cleveland Allen, shall die, leaving him surviving a widow and a child or children, descendants or descendant of a deceased child or widow, then in such case I will and direct that the share or fund hereinbefore devised or bequeathed for the benefit of my said son and his widow, then in such case I will and direct that the

share or fund hereinbefore devised or bequeathed for the benefit of my said son and his family shall continue to be held in trust for the benefit of his widow and family so long as said widow shall live, but no longer, and that said trustees or the survivor, successor or successors, shall use and apply the rents, issues, income, profits and proceeds thereof to and for the support and maintenance of said widow and family, or of such of them as may be in need thereof.

"VIII. From and after the decease of my son and his wife and of my said daughter, I give, devise and bequeath my entire estate, real, personal, mixed, unto my seven grandchildren, to wit: The two children of my daughter, Margaret Gertrude Allen, and the five children of my said son, William Cleveland Allen, each of said grandchildren to take one-seventh part of said estate, share and share alike, to them, their heirs, assigns forever. * * *"

*Spencer Clinton* for appellants. The trust as to the share of Margaret Allen is void as suspending the power of alienation for more than two lives in being. The rule as to perpetuities should not be relaxed. The only safe principle is to apply the statute strictly. (*Cochrane* v. *Schell*, 140 N. Y. 516.) The court erred in holding that the testator omitted to make any other disposition of the four-tenths of the estate after the decease of his daughter. (*Cottman* v. *Grace*, 112 N. Y. 299; 4 R. S. [8th ed.] 2435, § 40.)

*George Wadsworth* for respondents. Upon the record as presented this court cannot entertain the appeal, as it does not appear that the infant defendants were ever served with process. (*Bosworth* v. *Vandewalker*, 53 N. Y. 597; *Berkowitz* v. *Brown*, 53 N. Y. S. R. 625; *Ingersoll* v. *Mangam*, 84 N. Y. 622.) The trusts created by the will of Lewis F. Allen are valid. (4 R. S. [8th ed.] 2432, §§ 14, 15; *Robert* v. *Corning*, 89 N. Y. 225; *Van Brunt* v. *Van Brunt*, 111 N. Y. 178; *Read* v. *Williams*, 125 N. Y. 568; *Garvey* v. *McDevitt*, 72 N. Y. 556, 563; *Henderson* v. *Henderson*, 113 N. Y. 1; *Deegan* v. *Wade*, 144 N. Y. 573, 576; *Murphy* v. *Whitney*,

140 N. Y. 541, 546; *Sawyer* v. *Cubby*, 146 N. Y. 192, 196; *Cruikshank* v. *Home, etc.*, 113 N. Y. 337; *Haynes* v. *Sherman*, 117 N. Y. 433; *Fowler* v. *Ingersoll*, 127 N. Y. 472.) Even if the trustees could not sell the lands, there is no unlawful suspension of the power of alienation. (*Van Brunt* v. *Van Brunt*, 111 N. Y. 178; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Phillips* v. *Davies*, 92 N. Y. 199; *Pond* v. *Bergh*, 10 Paige, 140; *Drake* v. *Peel*, 3 Edw. Ch. 251; *Mason* v. *Jones*, 2 Barb. 229; *In re Verplanck*, 91 N. Y. 439, 443, 444; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Everitt* v. *Everitt*, 29 N. Y. 39.) The devise of the entire estate to the seven grandchildren of the testator after the expiration of the trusts, in equal shares, does not make the will or any part of it invalid. (*In re Verplanck*, 91 N. Y. 439; *Hillyer* v. *Vandewater*, 48 Hun, 614; 121 N. Y. 681.) The will is good and valid in all its parts. (*In re Butterfield*, 133 N. Y. 473.)

BARTLETT, J. The learned guardian *ad litem* for the infant respondents takes the preliminary point that upon the record as presented this appeal cannot be entertained, as it does not appear that his clients were ever served with process.

It is sufficient answer to this suggestion that such a point ought to be brought to the attention of the court upon a formal motion to dismiss appeal after notice to all parties.

The record contains affidavits used in the proceeding to procure the appointment of the guardian *ad litem* which recite the due service of the summons and complaint on the infant defendants.

In making up the record for this appeal it was not necessary to incumber it with all the papers and proceedings in the cause, and it is fair to assume that if the matter of service had been duly challenged upon motion the proper proofs would have been produced.

The respondents raise a further point which is presented on motion made to dismiss the appeal upon the ground that the case has been settled.

The papers on this motion are voluminous and we have examined them with care.

In view of the conclusion we have reached upon the merits it has seemed to us the wiser course to deny the motion without costs and to entertain the appeal.

This action was brought for the partition of the real estate of Lewis F. Allen, deceased, and the will of the decedent was pleaded as a defense to the action.

The testator died in the city of Buffalo on the 4th day of May, 1890, leaving him surviving two children, a son and a daughter, and seven grandchildren. His son had five and his daughter two infant children.

The will is attacked as creating a trust which is to continue for a greater period than two lives in being at the death of the testator.

It is undoubtedly true that the will is inartificially drawn and that the draftsman did not always keep clearly in mind the scheme of the testator as limited by the statute. We are, however, of opinion that a careful reading of the will discloses the clear intent on the part of the testator to make a lawful disposition of his estate.

In approaching the construction of this will we are to be guided by two well-recognized rules, to the effect that the intent of the testator must be carried out if possible, and that the portions of the will *in pari materia* must be read together.

The testator at the outset bequeaths certain specific legacies to his son and his daughter. He then recapitulates transactions with and advances to his children and explains that his daughter has received a larger portion of his estate than his son ; for this reason he declares it to be his will and intention that his children shall enjoy during their respective lives the income of his estate in the proportion of six-tenths to his son and four-tenths to his daughter. This explanatory portion of the will precedes the creation of the trust and indicates clearly that it was the dominant purpose of the testator to divide the income of his estate between his children in the proportions

named and to dispose of the principal in the manner indicated by the trust.

Thereupon he gave, devised and bequeathed all the residue of his estate, real and personal, to trustees in trust, with power to sell and convey, invest and re-invest. The trustees were directed to pay over to the testator's son six-tenths of the rents, issues and proceeds of the trust estate, or, in their discretion, to apply the same for the support and maintenance "of my son and his family during his natural life, or to his widow, if she survive him, during her natural life," and also to pay over four-tenths of the rents, etc., to his daughter, or to use and apply them "for the support and maintenance of my said daughter, Margaret Gertrude, and her children during her natural life." -

The testator then instructs his trustees with great minuteness as to the manner in which they should deal with his estate in administering the trust. He directs them to divide his estate into two several funds or parts, one to be composed of six-tenths thereof and the other of four-tenths of the same, as nearly as practicable, the son's share to be composed of real estate and personal property on Grand Island, and the daughter's share of real estate and personal property in the city of Buffalo, and an inventory and appraisal of his entire estate were to be made by experts. The testator directed that the funds or parts should remain separate, distinct and independent and not be commingled in any way during the existence of the trust.

The will further provides as to the son's share that if the latter dies leaving a widow the trust as to that share should continue "so long as said widow shall live, and no longer."

We have thus disclosed the entire scheme of the testator. If the result he had desired to accomplish had been simply the division of the income of his estate during the lives of his son and daughter between them in the proportions named, there would have been no occasion for the creation of separate shares, as the estate could have been placed in trust as one fund to continue during the lives of the son and daughter.

It is, however, manifest that the testator, under legal advice, found that he had three lives to deal with instead of two, as it was his desire to continue the trust embracing his son's share during the life of the son's widow, if she survived him. To meet this situation and avoid a violation of the statute it became necessary to create separate trusts as to the two shares.

We think the reasonable construction of the will leads to this result, and while there are separate sentences, read without reference to the context, which seem to indicate that the draftsman has not always expressed his ideas with perfect clearness, yet the will read as a whole and construed in the light of the manifest intent of the testator creates two valid and distinct trusts.

We do not deem it necessary to comment in detail upon the various provisions of the will relied upon as indicating a violation of the statute. We will, however, allude to the one which is most commented upon, being subdivision VIII, reading as follows : " From and after the decease of my son and his wife and of my said daughter, I give, devise and bequeath my entire estate, real, personal, mixed, unto my seven grandchildren, to wit : The two children of my daughter, Margaret Gertrude Allen, and the five children of my said son, William Cleveland Allen, each of said grandchildren to take one-seventh part of said estate, share and share alike, to them, their heirs, assigns forever."

This provision indicates some confusion of ideas and is not expressed in that clear and unmistakable language that should characterize a last will and testament, but we are of opinion there is no insuperable difficulty in construing it in such a manner as will sustain the validity of the will. This is an attempt to deal with both of the trust shares in a general clause, and it must be severally applied to each of the clauses as if it had said in express terms " on the death of my son, or his wife if she survives him, I give, devise and bequeath the estate in his trust share equally to my grandchildren *per capita*, and not *per stirpes*, and on the death of my said

daughter the principal of her share I give, devise and bequeath in like manner."

The guardian *ad litem* makes the point that the power of sale, as expressed in the will, giving the trustees power to sell and to invest and re-invest the proceeds, saves this trust from the condemnation of the statute as the power of alienation is not suspended.

We think this position cannot be maintained, as the estate, notwithstanding the power of sale and its incidents, is still fettered by the trust.

We are of opinion that the disposition made of this case by the courts below was right, and the judgment appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.