In the Matter of the Final Accounting of JOHN CLOVER, as Assignee of STEPHEN T. MILLER and CHARLES M. ALLEN, for the Benefit of Creditors.

CHARLES H. ZIMMER, as Receiver, Appellant; CHARLES A. MILLER, Respondent.

TITLE TO PERSONAL PROPERTY, AS BETWEEN PURCHASER AND RECEIVER IN SUPPLEMENTARY PROCEEDINGS — PAST-DUE NOTES — CODE CIV. PRO. § 2469. In determining whether the purchaser of promissory notes of a third party from a judgment debtor has a title, to the extent of the purchase money, which is protected from subjection, by relation, to the title of a receiver in supplementary proceedings, by the statutory provision which exempts from such subjection the title of a purchaser of personal property "in good faith, without notice and for a valuable consideration"

(Code Civ. Pro., § 2469, subd. 4), the fact that the notes were past due is at most only a circumstance which may be considered as bearing upon the question of good faith, and the rule of the law merchant on the subject is not controlling.

*Matter of Clover*, 8 App. Div. 556, affirmed.

(Submitted November 23, 1897; decided November 30, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 11, 1896, which affirmed a decree made by the Lewis County Court.

This proceeding was instituted to compel the assignee for the benefit of the creditors of the firm of Miller & Allen to render and settle his account. The petition was by the appellant, as receiver of the property of John P. Zimmer, who was a creditor of the firm. Upon the hearing, a contest arose between the appellant and the respondent as to the title to certain notes given by the firm of Miller & Allen to John P. Zimmer which amounted to the sum of about fifteen hundred dollars. The respondent claimed title as a purchaser from John P. Zimmer, while the appellant claimed title as receiver in supplementary proceedings upon a judgment against him.

June fifteenth, 1889, the firm of Miller & Allen, as copartners and as individuals, executed and delivered general assignments for the benefit of their creditors to John Clover, as assignee, who thereupon duly qualified and entered upon the discharge of his duties as such. At the time the assignors were indebted to Zimmer in the sum of about fifteen hundred dollars, which was secured by the notes in question.

On August second, 1889, a judgment existed against him, upon which an execution had been returned wholly unsatisfied. On that day the judgment creditor therein obtained an order in supplementary proceedings against him and to examine third parties, which was directed to the debtor, the members of the firm of Miller & Allen, and the assignee of that firm. The order contained a clause forbidding the debtor from making any transfer or other disposition of his property, and forbidding the third persons named therein from

paying or from in any way interfering therewith. On the next day the order was personally served upon the judgment debtor, both members of the firm and the assignee. At that time the debtor was the owner and holder of the promissory notes mentioned. On the following Monday, August fifth, he appeared in the city of New York, and sold them to the respondent for the sum of $924.24, who, at that time, had no information in regard to them, except that he had seen them mentioned in the list of creditors of Miller & Allen. When he purchased them he had no knowledge of the proceedings supplementary to execution. They were purchased at the request of the firm of Miller & Allen and paid for by the respondent from his own funds. He afterwards purchased from different creditors of that firm all the other claims against it, amounting to upwards of twelve thousand dollars, which were also purchased at the request of Miller & Allen.

Immediately after the delivery of the notes to the respondent the debtor absconded, and has not since been within the state. He did not appear in the proceedings supplementary to execution, but they were continued and, on the seventeenth day of October, 1889, the appellant was appointed receiver of his property. The order appointing him was recorded in Lewis county on the same day. On the twenty-second of that month he gave a bond as required by the order, which was approved by the county judge, and filed in the office of the clerk of that county. The amount of the judgment upon which the supplementary proceedings were instituted exceeded the amount of the notes against Miller & Allen.

Upon the facts as found, the County Court held that, when the respondent purchased the notes, he took a good title thereto as security for the sum of $924.24 advanced therefor, and had a lien thereon for that sum; that he was entitled to enforce them for that amount and interest from August 5th, 1889, and that the appellant was only entitled to the remainder of the moneys secured by the notes after the payment of that sum to the respondent. A decree was entered accordingly.

The receiver appealed to the Appellate Division from so much of the decree as awarded to the respondent the amount paid by him for the notes or debt in question.

*S. M. Lindsley* and *Jay A. Pease* for appellant.   Zimmer could convey no title to the notes after the order in supplementary proceedings was served, August 3, 1889.   The legal title thereto is in the receiver as of that date. (Code Civ. Pro. §§ 2468, 2469; *McCorkle* v. *Herrman,* 117 N. Y. 297.) Charles A. Miller was not such purchaser in good faith and without notice that his title is unaffected by the prior title of the receiver. (*Morss* v. *Gleason,* 2 Hun, 36; 64 N. Y. 204; *Angle* v. *N. W. M. L. Ins. Co.,* 92 U. S. 341; *Hawley* v. *Cramer,* 4 Cow. 718; *Cheever* v. *P., S. & L. E. R. R. Co.,* 150 N. Y. 59.)   By the law merchant, a purchaser takes overdue commercial paper at his own risk, subject to all equities attaching thereto. (*Geyer* v. *Brewster,* 19 N. Y. S. R. 351; *Chester* v. *Dorr,* 41 N. Y. 279; *Cheever* v. *P., S. & L. E. R. R. Co.,* 150 N. Y. 59; *C. Nat. Bank* v. *Diefendorf,* 123 N. Y. 202; *McCorkle* v. *Herrman,* 117 N. Y. 297.)   The fact that the paper was over due charged Miller with notice, and put him upon inquiry as to what, if any, defenses, liens or equities existed. (*Hawley* v. *Cramer,* 4 Cow. 722; *Dunn* v. *Hornbeck,* 72 N. Y. 89; *Gross* v. *Kellard,* 56 N. Y. S. R. 617; *Ellis* v. *Horrman,* 90 N. Y. 473; *Owen* v. *Evans,* 134 N. Y. 514.)

*Walter Ballou* for respondent.   The court cannot review the facts in this case as the testimony is not given. (*Graff* v. *Ross,* 47 Hun, 152.)   Charles A. Miller bought the notes in question in good faith for a valuable consideration and without notice of supplementary proceedings and so obtained good title as against the receiver. (Code Civ. Pro. § 2469, subd. 4; *Merry* v. *Wilcox,* 92 Hun, 210.)

MARTIN, J.   The controversy in this case arises between different claimants of a debt owing by the assignors to one of

their creditors. The single question involved upon this appeal is, whether the respondent was a purchaser in good faith of the claim of the judgment debtor against Miller & Allen within the provisions of subdivision four of section 2469 of the Code of Civil Procedure. The appellant was not appointed receiver until the seventeenth day of October, 1889, while the notes were purchased by the respondent on the fifth day of the preceding August. The section of the Code referred to provides that where the receiver's title to personal property has become vested, as prescribed in section 2468, it extends back by relation for the benefit of the judgment creditor, so as to include the personal property of the judgment debtor at the time of the service of the order, but does not affect the title of a purchaser in good faith without notice and for a valuable consideration.

In this case it was proved by undisputed evidence that the respondent purchased the notes or claim in question in good faith, without any notice of the proceedings in which the appellant was appointed receiver, and that he paid a valuable consideration therefor. The trial court held that, to the extent of the consideration paid, he was a purchaser in good faith and entitled to have that amount paid to him from the assets of the insolvent firm.

The contention of the appellant, however, is that the respondent was not a purchaser in good faith without notice for the sole reason that the notes, except one for one hundred dollars, were past due when he purchased them, and that that fact is conclusive evidence that he was not such a purchaser. There was no evidence of bad faith or of notice, and that he paid a valuable consideration stands uncontradicted. Therefore, the question is narrowed to this: Is the rule in regard to a purchaser in good faith of commercial paper, with its exceptions and limitations, controlling in this case? One of the limitations of that rule is that, if the transfer is after the maturity of the paper, the purchaser takes it as dishonored, and is affected by such equities between the parties as were attached to it. It is to be remembered that the issue in this

case is not between the parties to the notes, but relates only to a sale of choses in action to a third person by the holder and apparent owner. It was an independent and collateral contract, and the only relation it had to the notes was that they were the subject of the sale. If the makers of the notes were contesting their liability thereon, another question would be presented, and that rule might apply. But, in determining whether the respondent had a title which was protected by the statute, the fact that most of the notes were past due could, at most, be only a circumstance which might, perhaps, be considered as bearing upon the question of the good faith of his purchase. We think it is quite obvious that the rule which is invoked by the appellant is not controlling here.

The question in this case is dependent upon and involves the construction and application of a statute which, in substance, provides that the title of a receiver appointed in supplementary proceedings shall not relate back to the time of his appointment so as to affect the title of a purchaser in good faith. Hence, the proper inquiry is, not whether the respondent acquired a good title under the law merchant, but whether he was such a purchaser as this particular statute protects.

The respondent purchased of the judgment debtor certain notes against an apparently insolvent firm, of which his brother was a member, and which had made a general assignment for the benefit of its creditors. The purchase was in pursuance of a request of the members of the firm, and was obviously to assist them in the adjustment of their financial difficulties. The respondent at the time had no notice of the supplementary proceedings, or of any other fact that would impeach or affect the title of the payee, or that would naturally provoke inquiry or excite any suspicion as to his right to dispose of them. He paid the same consideration proportionately that he subsequently paid for the remaining debts of the firm. It is true that all of the notes purchased, except one, were past due, yet that fact was in no way inconsistent with a good title in the holder, or with his right to transfer them. It was a situ-

ation reasonably to be expected under the circumstances, as the firm had already suspended payment and made a general assignment for the benefit of its creditors.   The fact that most of the notes had previously matured would not naturally have indicated that the holder was not the owner, nor would it have suggested that any proceeding was pending against him which would affect his title.   There was no evidence or circumstance which tended to show that the respondent knew or even suspected that the holder was embarrassed or in debt.   If the claim had been in the form of an account, then it seems to be admitted that the purchaser would have been protected to the extent of the consideration paid.   We do not think the fact that the debt was secured by notes, most of which were due, was sufficient to charge the respondent with bad faith, or with notice.   Moreover, whether the respondent was a purchaser in good faith, without notice and for a valuable consideration, was, at least, a question of fact, and the determination of the trial court was justified by the proof.

The decision in this case was clearly right, and the judgment should be affirmed.

All concur.

Judgment affirmed, with costs.