MARGARET BELINDA WILBER et al., Individually, and as Executors of DAVID WILBER, Deceased, Appellants, *v.* EDITH M. WILBER, an Infant, by JAMES H. CRANDALL, her Guardian ad Litem, Respondent, Impleaded with Another.

WILL — WHEN THERE IS NO SUSPENSION OF THE POWER OF ALIENATION OF REAL ESTATE OR OF THE ABSOLUTE OWNERSHIP OF PERSONAL PROPERTY. The sixteenth provision of a will gave to testator's wife, in lieu of dower, and to his two sons, the use for fifteen years after his death of specified real estate and farms, together with the use of all the stock and farming equipments thereon, on condition that both the real and personal property should be kept in as good condition and of the same value as at the time of his death, so that his grandchild or children mentioned in the next subdivision should receive as much personal property and of as much value as the personal property mentioned was worth at the time of his death, and in case of the death of either of the devisees, the survivors or survivor should take the entire use of the farms and property to the end of the term specified, "intending to give one-third of the produce and profits of said farms and real estate and stock, etc., to each

of the persons above named to the end of the fifteen years, or so much of said term as they all live." The seventeenth provision devised both the real and personal property mentioned " to my grandchildren, to be equally divided between them, share and share alike, subject only to the fifteen years' use of the same heretofore provided for, intending hereby to grant and devise to my grandchild or children all the land and personal property mentioned, referred to or intended in the preceding sixteenth subdivision of this my last will." *Held,* that the property became vested upon the death of the testator in his only grandchild, who took the fee of the real estate subject only to the estate for years given by the sixteenth provision, and hence there was no suspension of the power of alienation of the real estate; nor was there any suspension of the absolute ownership of the personal property.

*Wilber* v. *Wilber,* 45 App. Div. 158, affirmed.

(Argued January 23, 1901; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 6, 1899, affirming a judgment of Special Term in favor of defendant in an action to obtain a construction of certain provisions of the will of David Wilber, deceased.

The facts, so far as material, are stated in the opinion.

*Albert C. Tennant* for appellants. The sixteenth provision of the will is void for the reason that it is violative of our statutes, which forbid the suspension of the power of alienation of real estate and the absolute ownership of personal property for a longer period than during the continuance of not more than two lives in being at the time of the death of the testator. (L. 1896, ch. 547, § 32; L. 1897, ch. 417, § 2; *Steinway* v. *Steinway,* 163 N. Y. 183; *Smith* v. *Edwards,* 88 N. Y. 93; *Everitt* v. *Everitt,* 29 N. Y. 71; *Murphy* v. *Whitney,* 140 N. Y. 546; *Radley* v. *Kuhn,* 97 N. Y. 34; *Williams* v. *Montgomery,* 148 N. Y. 520; *Sawyer* v. *Cubby,* 146 N. Y. 192; *Robert* v. *Corning,* 89 N. Y. 235; *Nellis* v. *Nellis,* 99 N. Y. 516; *Norris* v. *Beyea,* 13 N. Y. 273.) Because the sixteenth provision of the will is void under the statutes prohibiting the suspension of the alienation of real estate and the absolute ownership of personal property, the seventeenth provision, by which the real and personal prop-

erty is given to the grandchildren of the testator, after and subject to the execution of the void provision contained in said sixteenth provision upon which it is dependent, is also void, and such real and personal property pass to George I. Wilber and David Forrest Wilber, who are the sole residuary devisees and legatees named in the will, and are also the only heirs at law and next of kin of the testator. (*Knox* v. *Jones,* 47 N. Y. 389; *Ward* v. *Ward,* 105 N. Y. 68; *Benedict* v. *Webb,* 98 N. Y. 460; *Kerr* v. *Dougherty,* 79 N. Y. 327; *Smith* v. *Edwards,* 88 N. Y. 92; *Fowler* v. *Ingersoll,* 127 N. Y. 472; *Hobson* v. *Hale,* 95 N. Y. 588; *Matter of Bonnet,* 113 N. Y. 522; *Tilden* v. *Green,* 130 N. Y. 29; *Gallagher* v. *Crooks,* 132 N. Y. 338.)

*Hobart Krum* for respondent. The testator has expressly limited his widow and sons to the use of the property mentioned, and expressly directed that at the end of the fifteen years they surrender to the grandchildren the real property in as good condition as when they received it, and as much personal property and of as much value as the personal property therein mentioned was worth at the time of his death. Title under such conditions is impossible and no trust was created. (*Selden* v. *Vermilya,* 3 N. Y. 526; *Wright* v. *Douglass,* 7 N. Y. 564; *Weeks* v. *Cornwell,* 104 N. Y. 326.) This estate is an estate for years only. Such an estate is a chattel real and not a freehold estate. Its duration need not depend upon lives. The beneficiaries having only a chattel interest, their possession is deemed the possession of the person entitled to the freehold. (*Blanchard* v. *Blanchard,* 4 Hun, 287; 70 N. Y. 615; 1 Washb. on Real Prop. 472; 2 Kerr on Real Prop. 277; *Jenkins* v. *Fahey,* 73 N. Y. 363; *Despard* v. *Churchill,* 53 N. Y. 199.) The seventeenth clause of the will in no manner contravenes the statute against perpetuities. (*Johnson* v. *Brasington,* 156 N. Y. 187; *Blanchard* v. *Blanchard,* 4 Hun, 287; 70 N. Y. 615; *Everitt* v. *Everitt,* 29 N. Y. 39; *Moore* v. *Littel,* 41 N. Y. 66; *Manice* v. *Manice,* 43 N. Y. 303; *Monarque* v.

*Monarque,* 80 N. Y. 320; *Matter of Brown,* 154 N. Y. 313; *Hersee* v. *Simpson,* 154 N. Y. 496; *Corse* v. *Chapman,* 153 N. Y. 466.) The gift being an immediate one, vested in the living grandchild, Edith, upon the death of the testator, and she took an absolute fee, subject only to the fifteen years' use, and not subject to open and let in afterborn grandchildren. (*Goebel* v. *Wolf,* 113 N. Y. 405; *Matter of Smith,* 131 N. Y. 247; *Matter of Brown,* 154 N. Y. 313; *Nelson* v. *Russell,* 135 N. Y. 137; *Campbell* v. *Rawdon,* 18 N. Y. 412; 2 Redf. on Wills, 10, § 2; Schouler on Wills, § 529; *Johnson* v. *Brasington,* 156 N. Y. 187; *Bailey* v. *Bailey,* 97 N. Y. 460; *Graves* v. *Deterling,* 120 N. Y. 447; *Gibbins* v. *Campbell,* 148 N. Y. 410; *Cunningham* v. *Parker,* 146 N. Y. 29.)

PARKER, Ch. J. The action was brought to obtain a judicial construction of certain provisions of the will of David Wilber, deceased, but its special purpose was to secure an adjudication that the sixteenth provision of the will is void for the reason that it is violative of the statutes forbidding the suspension of the power of alienation of real estate and the absolute ownership of personal property for a longer period than during the continuance of not more than two lives in being at the time of the death of the testator. And while the seventeenth provision is conceded to be without vice in and of itself, it is claimed to be so dependent upon, and interwoven with the sixteenth provision that the destruction of the latter would carry down the seventeenth provision with it and the practical result would be the transfer of the ownership of the real and personal property described therein, from the testator's granddaughter, the defendant in this action, to the plaintiffs George I. Wilber and David Forrest Wilber, who are the sole residuary devisees and legatees named in the will and are also the only heirs at law and next of kin of the testator.

The sixteenth and seventeenth provisions of the will are as follows:

"*Sixteenth.* I give, devise and bequeath to my wife, Mar-

garet Belinda Wilber, also in lieu of dower, and my two sons, George I. Wilber and David Forrest Wilber, the use for fifteen years after my death of all my real estate and farms which is situate in the towns of Milford, Morris, Middlefield and Maryland, in the county of Otsego and State of New York, and also giving and bequeathing the use of all the teams, harnesses, horses, cows, young cattle, sheep and all farming and dairying tools and utensils on or belonging to any and all of the farms in the towns above named. But as a condition, all of said farms and all of said personal property are to be maintained and kept in as good order and condition as they are in at the time of my death, meaning by this that the personal property left on said farms at the end of the fifteen years shall be as valuable as it is at the present time, and the real estate shall be in as good a state of cultivation and capable of as much production, and the fences and buildings thereon in as good a state of repair as they now are, so that my grandchild or children mentioned in the next or seventeenth devise or bequest or subdivision shall have and receive as much personal property and of as much value as the personal property herein mentioned is worth at the time of my death.

"In case of the death of any of the persons above named, then the two surviving shall take the use of the property herein intended, share and share alike, to the end of the fifteen years' term above mentioned, and in case of the death of two of the persons above named, then the survivor shall take the entire use of the farms and property to the end of the term aforesaid.

"Intending to give one-third of the produce and profits of said farms and real estate and stock, etc., to each of the persons above named to the end of the fifteen years, or so much of said term as they all live.

"*Seventeenth.* I give, devise and bequeath all my real estate and farms in the towns of Milford, Morris, Middlefield and Maryland, in the county of Otsego, N. Y., and all the personal property upon or belonging to said farms, which is more particularly mentioned in the last preceding sixteenth item,

subdivision or devise, or bequest of this my last will, to my grandchildren, to be equally divided between them, share and share alike, subject only to the fifteen years' use of the same heretofore provided for, intending hereby to grant and devise to my grandchild or children all the land and personal property mentioned, referred to or intended in the preceding sixteenth subdivision of this my last will."

The conclusion at which we have arrived, after consideration of the arguments of counsel and an examination of the provisions in controversy, is that the power of alienation of the real estate and the absolute ownership of the personal property described therein, is not suspended thereby. The statute declares that the power of alienation ·is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. (Real Property Law, § '32.) There are only two methods by which such a result can be accomplished : 1. By the creation of a trust which vests the estate in trustees. 2. By the creation of future estates vesting upon the occurrence of some future and contingent event. (*Steinway* v. *Steinway*, 163 N. Y. 183.) No trust was either created or attempted by these provisions, nor did they create a future estate to vest upon the occurrence of some future and contingent event, but instead the property became vested upon the death of the testator, in his only grandchild, the defendant Edith M. Wilber, who took the fee of the real estate subject only to the estate for years given by the sixteenth provision, and, hence, there were always persons in being by whom an absolute fee in possession could be conveyed. We are also of the opinion that the absolute ownership of the personal property is not suspended by the will.

It follows from the conclusions reached that the judgment must be affirmed, with costs.

GRAY, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.