(36 Misc. Rep. 124.)

## DROEGE v. BAXTER et al.

(Supreme Court, Special Term, New York County. October, 1901.)

RECEIVER—TITLE TO ASSETS—JUDGMENT CREDITORS.

Where a receiver in supplementary proceedings is appointed after a judgment creditor has served an order in supplementary proceedings on the judgment debtor, the title of the receiver extends back, under Code Civ. Proc. §§ 2468, 2469, so as to include all the personalty of the debtor he had at the time of the service of the order; and the title of the receiver is therefore superior to that acquired by other subsequent judgment creditors of the debtor, though they sold the property before the

receiver was appointed, except as to a bona fide purchaser or a creditor paid in good faith and without notice.

Action by Otto H. Droege, receiver of Isidor Henry, against Edwin M. Baxter and others. Demurrer to the complaint overruled.

Isaac V. Schavrien, for plaintiff.

Stern, Singer & Barr (William John Barr, of counsel), for defendants.

GIEGERICH, J. On June 11, 1901, the judgment upon which the plaintiff, as receiver, bases his claim was obtained against the judgment debtor, Henry, in the municipal court of the city of New York, Tenth judicial district, borough of Manhattan, and on the same day a transcript was filed in the office of the clerk of the county of New York, and execution issued to the sheriff of that county, which was afterwards returned unsatisfied. On August 21st an order in proceedings supplementary to execution was obtained upon this judgment, and upon the following day the judgment debtor appeared for examination, and his further examination was adjourned until September 4th. In the meanwhile, and on August 26th, the defendants recovered a judgment against said Henry in the municipal court of the city of New York, Seventh judicial district, borough of Manhattan, for the sum of $519.59, and on the same day execution was issued upon said judgment to a city marshal of the city of New York, and the property in dispute levied upon, which was in the possession of Henry at the time he was served with the order in supplementary proceedings. On September 3d the property levied upon was sold by the city marshal to the defendants for the sum of $373. On the next day the plaintiff was appointed receiver of the property of the judgment debtor by an order of the city court, and thereafter duly qualified and demanded of the defendants the proceeds of the said sale or the return of the goods. This demand was refused, whereupon this action was commenced to recover the said sum of $373. The question presented is whether the plaintiff's title to the goods in controversy related back to the time of the service of the order in supplementary proceedings, August 21, 1901, to the exclusion of the defendants' execution levied five days later, on the 26th day of August, 1901. The Code provisions on this point are as follows:

"Sec. 2468. The property of the judgment debtor is vested in a receiver, who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be, subject to the following exceptions: (1) Real property is vested in the receiver, only from the time when the order, or a certified copy thereof, as the case may be, is filed with the clerk of the county where it is situated. (2) Where the judgment debtor, at the time when the order is filed, resides in another county of the state, his personal property is vested in the receiver only from the time when a copy of the order, certified by the clerk in whose office it is recorded, is filed with the clerk of the county where he resides.

"Sec. 2469. Where the receiver's title to personal property has become vested, as prescribed in the last section, it also extends back, by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted as follows: (1) Where an order, requiring the judgment debtor to attend and be examined, or a warrant, requiring the sheriff to ar-

rest him and bring him before the judge, has been served, before the appointment of the receiver, or the extension of the receivership, the receiver's title extends back, so as to include the personal property of the judgment debtor, at the time of the service of the order or warrant. (2) Where an order or warrant has not been served as specified in the foregoing subdivision, but an order has been made, requiring a person to attend and be examined, concerning property belonging, or a debt due, to the judgment debtor, the receiver's title extends to the personal property belonging to the judgment debtor, which was in the hands, or under the control, of the person or corporation thus required to attend, at the time of the service of the order; and to a debt then due to him from that person or corporation. ＊ ＊ ＊ But this section does not affect the title of a purchaser in good faith, without notice, and for a valuable consideration; or the payment of a debt in good faith, and without notice."

The defendants' counsel, in support of his demurrer, makes an elaborate argument, seeking to distinguish between choses in action and equitable assets of the debtor on the one hand, and, on the other, the tangible assets, such as are subject to execution, claiming that the Code provisions just quoted are applicable only to assets of the former kind, basing his argument upon the analogy claimed to exist between the present statutory supplementary proceedings and the ancient remedies in equity by creditors' action. The distinction thus sought to be drawn is not, however, recognized, either by the language of the sections just quoted or by the decisions made upon those sections. The receiver's title is declared to extend back to the "personal property" which, by section 3343 of the Code of Civil Procedure, now section 4 of the statutory construction law, is declared to include "money, chattels and things in action." In McCorkle v. Herrman, 117 N. Y. 297, 302, 22 N. E. 948, 949, it was said:

"When an order for the debtor's examination has been served, the receiver's title, when vested pursuant to section 2468, 'extends back so as to include the personal property of the judgment debtor at the time of the service of the order,' except as against bona fide purchasers, or against creditors who have meanwhile received payment from their debtor in good faith and without notice. The words 'personal property,' in this section, include money, chattels, things in action, and evidences of debt (section 3343). Section 2469 is a new provision, not found in the former Code, and appears to have been inserted to change the rule declared in Becker v. Torrance, 31 N. Y. 631, to the effect that no equitable lien was acquired by a creditor on the property of his debtor by the commencement of supplementary proceedings, and that when a receiver is appointed his title relates to the date of his appointment, and is subject to any lien on the debtor's property acquired by third persons intermediate the commencement of the proceedings and the appointment of the receiver."

It is evident from this passage that the court of appeals does not recognize as any longer existing the distinction which the defendants' counsel seeks to draw between equitable and tangible assets. In Re Clover, 8 App. Div. 556, 40 N. Y. Supp. 886, affirmed in 154 N. Y. 443, 48 N. E. 892, the court, at page 562, 8 App. Div., page 889, 40 N. Y. Supp., after speaking of the exception created in favor of a bona fide purchaser without notice and for a valuable consideration, says:

"The other provisions of the section work no alteration of the rule as it theretofore existed in respect to the effect of the equitable lien acquired by

the creditor upon the things in action and equitable assets, which are not subject to execution at law, but are merely declaratory of the existing law."

My conclusion is, therefore, that the sections quoted were and have been so held by the authorities to be intended to abolish such distinction as may have formerly existed, and to give a receiver the same title, by relation back after his appointment, to the tangible assets or those subject to execution at law, as to the intangible assets, otherwise denominated things in action and equitable assets. The demurrer should, therefore, be overruled, with costs, with leave to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to plead over upon payment of costs within 20 days.