THE MANHATTAN REAL ESTATE AND BUILDING ASSOCIATION, Respondent, *v.* JANE M. CUDLIPP, Appellant.

*Will — gift to a father " during his natural life and at his death to his children"
— each child born after the death of the testator takes a vested remainder subject to
open and let in others — the word " at" relates to time of acquiring possession
— the children take distributively as tenants in common, not collectively as a class.*

The will of a testator provided, "I give, bequeath and devise unto my son, Joseph, the house and lot of ground, * * * subject to the dower interest aforesaid (meaning the dower interest of the testator's wife Wilhelmina), to have and hold the same during his natural life, and at his death to his children." The testator's son Joseph was married at the time of the testator's death, but at that time had no children. Three children were subsequently born to him, one of whom, Joseph Raymond, executed a mortgage on the premises and thereafter died.

*Held,* that each of the children of the testator's son Joseph took, at its birth, a vested remainder in the premises, subject to open and let in other children subsequently born to Joseph, and that the vested remainders acquired by the children of Joseph could be conveyed or mortgaged by them;

That the word "at," as used in the devise, designated the time of enjoyment and fixed the period at which the estate was to vest in possession and not in interest;

That the devise of the remainder to the children of the testator's son Joseph was to them distributively as tenants in common and not to them collectively as a class.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, Jane M. Cudlipp, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of December, 1901, upon the decision of the court rendered after a trial at the New York Special Term.

*William W. Niles,* for the appellant.

*David B. Ogden,* for the respondent.

PATTERSON, J.:

The defendant appeals from a judgment which declares that certain certificates of sale for unpaid taxes upon the premises described in the complaint are held in trust by her for the benefit of the plaintiff and others interested as remaindermen in such premises, and which requires that the defendant surrender such certificates to

the clerk of arrears and collector of assessments of the city of New York, and cause the same to be vacated and canceled of record, so as to remove the lien or cloud from the title to said premises, and requiring her also, within a specified time, to pay taxes or Croton water rates now a lien on the premises, and in default thereof, appointing a receiver of the rents and profits of the premises described in the complaint, and requiring such receiver to apply such rents and profits to the payment of taxes and water rates, and awarding other relief, not now requiring special mention.

It appears that the premises in question belonged to one Joseph Cudlipp, who died on the 11th of August, 1863, leaving a last will and testament, which disposed of the property in question by the following provision: "I give, bequeath and devise unto my son, Joseph, the house and lot of ground, * * * subject to the dower interest aforesaid (meaning the dower interest of the testator's wife Wilhelmina), to have and hold the same during his natural life, and at his death to his children." The testator's widow died in 1868. The testator's son Joseph was married at the time of the testator's death. Three children were born to him, namely, Joseph Raymond Cudlipp, Jane W. Cudlipp and Blanche I. Cudlipp. Joseph Raymond Cudlipp died on the 10th of February, 1895. Joseph Cudlipp, the life tenant, is still living. In 1894 Joseph Raymond Cudlipp executed a mortgage upon his interest upon the premises in question to the Fifth Avenue Bank of Brooklyn, which mortgage covers all the undivided interest of Joseph Raymond Cudlipp and his wife in the premises. That mortgage was foreclosed, and the plaintiff became the purchaser at the foreclosure sale. All of the children of Joseph Cudlipp, the life tenant, were born after the death of the testator. The life tenant has conveyed all his interest to the defendant, who is his wife. The life tenant and the defendant have failed to pay taxes and water rents on the premises, which have been sold for such non-payment, and the defendant is now the owner of the certificates of sale.

The defense set up to this action is, in substance, that Joseph Raymond Cudlipp had no interest in the premises under the will of his grandfather which could outlast his, Joseph Raymond Cudlipp's, life and that as a consequence, the plaintiff has no interest in the premises which would entitle it to maintain this action.

The only subject, therefore, requiring consideration on this appeal relates to the legal nature and quality of the interest acquired by Joseph Raymond Cudlipp under the will of his grandfather. That it was a vested remainder does not seem to be doubtful. The devise was to the testator's son Joseph for life and at his death to his children. The word " at," in the connection in which it is used in this devise, designates the time of enjoyment and fixes the period at which the estate is to vest in possession and not in interest, there being nothing whatever in the language of the will requiring a contrary interpretation. If a grandchild or grandchildren of the testator had been in being at the time of his death, the remainder interest would have vested as at the time of the testator's death. (*Haug* v. *Schumacher*, 166 N. Y. 506; *Campbell* v. *Stokes*, 142 id. 23; *Allen* v. *Allen*, 149 id. 280; *Matter of Brown*, 154 id. 313; *Hersee* v. *Simpson*, Id. 496; *Wilber* v. *Wilber*, 165 id. 451.) In *Corse* v. *Chapman* (153 id. 466) the words "from and after" or like expressions as relating to the termination of a life estate were considered and it was held that an absolute estate in remainder vested at the time of a testator's death, subject to open and let in any grandchild or grandchildren born after the death of the testator.

In the case at bar, as soon as a child was born to Joseph Cudlipp, the life tenant, that child took a vested remainder subject to open and let in other children afterwards born to the life tenant, and the future estate which was acquired by the child of the life tenant was an alienable interest which could be conveyed or mortgaged subject to diminution by the birth of other children of the life tenant.

There are two considerations which have a controlling effect in the construction of this devise. The law favors the vesting of estates and courts will always give such construction to a will as will tend best to provide for descendants or posterity and will prevent the disinheritance of remaindermen who may happen to die before the determination of the precedent estate. (*Byrnes* v. *Stilwell*, 103 N. Y. 460, citing *Moore* v. *Lyons*, 25 Wend. 119; *Scott* v. *Guernsey*, 48 N. Y. 106; *Low* v. *Harmony*, 72 id. 408.) To quote the language of Martin, J., in *Hersee* v. *Simpson* (154 N. Y. 502): " Moreover the general policy of the law favors a construction which includes the vesting of estates and consequent certainty in respect to the title to property and which prevents the disinheritance

of the issue of a remainderman who may die during the existence of the precedent estate. This principle is based upon the idea that in the absence of express words, it cannot be supposed that such was the intent. In the case at bar, the testator gave all his residuary estate to his wife for life and 'from and after' her death to those who would inherit it under the statutes governing the descent of real property."

It is to be observed that in the will now under consideration no trust is created. There is a plain provision for a remainder interest and that interest became vested in three children of the life tenant. It is further to be observed that there is nothing. whatever indicating survivorship in the words of the devise; nor is there language used from which an inference of survivorship can be drawn, and, hence, there comes into operation, as affecting the construction of this devise, the second consideration above referred to, namely, the express provision of the Revised Statutes (1 R. S. 727, § 44), now section 56 of the Real Property Law (Laws of 1896, chap. 547), that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy, except where the estate is vested in trustees. The remainder created by this will is to the children of the testator's son, Joseph Cudlipp. If he had had but one child, the remainder would have vested in that child absolutely. If others were born (as they were) then in all the children, as tenants in common. Tenancy in common is the holding of an estate in land by several persons by several and distinct titles, and there is unity of possession only.

We think the proper construction of this will is that each of the children of Joseph Cudlipp, the life tenant, took at its birth a vested remainder in a share of the premises, subject only to be diminished by the birth of another child or other children to the life tenant. But it is argued that the interest of any one child of the life tenant was subject to be divested by the death of such child during the life of the life tenant, and for the reason that the devise was to children as a class, and that that class could not be ascertained until the death of the life tenant.

We do not think the word "children," as used in this devise, is employed in the sense ascribed to it by the appellant. Whether a

devise is to a class is a matter that must always be determined by the particular language of the will in which the devise is contained. In this connection, the remarks of O'BRIEN, J., in *Matter of Russell* (168 N. Y. 174) are appropriate. That learned judge says : "Whether a devise or bequest in a will is to a class or to the individuals, as tenants in common, must depend upon the language employed by the testator in making the gift. All the provisions of the will may be consulted and sometimes aid may be sought from the situation and relation of the parties. * * * I have not been able to find in any of the adjudged cases any attempt to define or formulate with much accuracy the language or circumstances necessary to constitute a gift to a class."

In the will before us, the devise is simply to a life tenant with a remainder over to his children, without the intervention of a trust estate or anything to affect the immediate vesting in interest of the remainder as children were born.

Reliance is placed by the appellant upon the well-known case of *Moore* v. *Littel* (41 N. Y. 66), which is claimed to be in close analogy with this ; but in that case, as pointed out by Judge PECKHAM, in *Livingston* v. *Greene* (52 N. Y. 124), the estate was defeated by the death of one who would have been an heir of the life tenant or holder of the particular estate had he survived. "There the estate was defeated by the death of one who would have been an heir of the particular estate made had he survived. But he died during the existence of the particular estate, and hence never became an 'heir.' " (See, also, comment on *Sheridan* v. *House*, 4 Keyes, 569, in *Byrnes* v. *Stilwell, supra.*) There were two questions involved in *Moore* v. *Littel, first,* whether the remainder was vested or contingent, and, *second,* whether it was alienable. The remark that the interest of a person dying during the existence of the particular estate was divested does not seem to have been necessary to the determination of that case, but whether it was or not, that authority does not control here, and for the reason that such person could not take as heir, and the devise was to heirs. Here the devise of the remainder is directly to the children of the testator's son, and, nothing appearing to the contrary, they take as tenants in common, each an equal share, and the gift *may be,* and hence should be, construed as made distributively and not collectively, and it is not necessary to await

the death of the life tenant before determining who would be entitled to the remainder, for, as they came into being, the children were at once clothed with the right to dispose of their respective future estates in remainder subject to diminution, and that would make the remainders vested.

The judgment appealed from should be affirmed, with costs.

INGRAHAM, HATCH and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

Judgment affirmed, with costs.