In the Matter of the Estate of CATHERINE ALLEN SULLIVAN, Deceased.

Surrogate's Court, New York County, August 11, 1937.

*Speir & Bartlett,* for the executors.

*Lord, Day & Lord,* for Luman Reed Fuller, legatee.

*Ernest M. Morrison,* for executors of Paula T. Von Bernuth, deceased.

*David Borodkin,* for receiver of Luman Reed Fuller under Marcus & Printz judgment.

*John J. Mulvey,* for receiver of Luman Reed Fuller, under Roberta Carlile judgment.

DELEHANTY, S. The only controversy in this accounting proceeding involves the identity of the persons to whom the distributive share of one of the legatees is payable. This share has an approximate value of $2,700. It is claimed by two persons. Each of them holds a judgment against the legatee. The judgment first in point of time far exceeds in amount the legatee's interest in this estate. The judgment second in point of time is less than the legatee's interest in the estate. Recital of the proceedings by the judgment creditors is necessary to an understanding of the problem.

On November 1, 1929, a judgment in the sum of $10,822.50 was obtained against the legatee by Marcus & Printz. This will be referred to hereafter as the Marcus judgment. On April 10, 1931, the executors of Von Bernuth recovered a judgment against the legatee in the Municipal Court of the City of New York and caused the judgment to be docketed with the county clerk of New York county. Thereafter they filed a transcript of the judgment with the county clerk of Nassau county. This judgment will be hereafter

referred to as the Von Bernuth judgment. Under the Marcus judgment a third-party order addressed to United States Trust Company, the executor in this estate, was procured in the Supreme Court, New York county, and served on the executor. It required the executor to attend on July 25, 1935, to be examined concerning the property of the legatee. By consent of the moving party the trust company supplied an affidavit of the facts in lieu of attendance. Under the Marcus judgment several attempts were made to serve upon the legatee orders directing him to attend for examination concerning his assets. It was not until September, 1935, that under the Marcus judgment an order was made — this time in the Supreme Court, Nassau county — of which service could be effected. This order directed the legatee to attend for examination on October 31, 1935. At the conclusion of the examination on November 12, 1935, an order of receivership was made. The receiver so appointed is one of the claimants now before this court. He was appointed receiver of the legatee as of July 19, 1935, the date when the third-party order was served upon the executor who is accounting here. He did not qualify until April 20, 1936. Before the close of the examination in supplementary proceedings under the Marcus judgment the legatee had removed from Nassau county to Dutchess county, and in the Supreme Court of that county a third judgment was obtained against the legatee by one Roberta Carlile under date September 24, 1936. This judgment is hereafter referred to as the Carlile judgment. A receiver was appointed under that judgment and for a time there was controversy in this court over the respective rights of the receiver under the Marcus judgment and the receiver under the Carlile judgment. Eventually, however, the Supreme Court of Dutchess county vacated its order appointing a receiver under the Carlile judgment and so the issue now presented is solely between the receiver under the Marcus judgment and claimants by virtue of acts under the Von Bernuth judgment. Under the latter judgment an order for the examination of the legatee was issued by the Supreme Court of Nassau county on August 20, 1935. It was served on the judgment debtor August 22, 1935, and was returnable August 29, 1935. On August 28, 1935, the legatee assigned to the Von Bernuth judgment creditors so much of his right and interest in his legacy in the Sullivan estate as sufficed to satisfy the Von Bernuth judgment. The assigned amount as stated in the account is $1,098.34, with interest from August 28, 1935. On August 30, 1935, this assignment was filed and recorded with the clerk of the Surrogate's Court, New York county. On September 7, 1935, a duplicate original copy of the assignment with notice of its filing and recording was served upon the accounting

executor. The only question is whether this assignment is valid and effective as against the claim of the receiver under the Marcus judgment.

While the controversy between the receiver under the Marcus judgment and the receiver under the Carlile judgment was in progress the receiver under the Marcus judgment caused a certified copy of the order appointing him as such to be filed with the clerk of Dutchess county where the judgment debtor legatee resides. By the filing of this copy of the order for his appointment the receiver under the Marcus judgment became vested with the personal property of the judgment debtor. (Civ. Prac. Act, § 807.) The receiver asserts that by relation his title vests as of July 19, 1935, the date of service of the third-party order on the accounting executor. Hence he claims the entire fund in disregard of the Von Bernuth assignment. The statute (Civ. Prac. Act, § 808) says that when a receiver's title to personal property has become vested pursuant to section 807 of the Civil Practice Act " it also extends back by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted." In the case of the service of a third-party order this extension by relation of the title of the receiver is made effective as of " the time of the service of the order or subpœna, and to a debt then due " to the judgment creditor from the third-party. It is upon this vesting by relation that the receiver under the Marcus judgment relies.

The assignee under the Von Bernuth judgment concedes that the title of the receiver extends back by relation but relies upon the final paragraph of section 810 of the Civil Practice Act as it existed on August 28, 1935, which said: " But this section does not affect the title of a purchaser in good faith without notice and for a valuable consideration, or the payment of a debt in good faith and without notice."

It should be noted that the present sections 807 and 808 in the article of the Civil Practice Act headed " Proceedings supplementary to judgment " are taken largely from the text of sections 809 and 810 of the prior article 45 of the act entitled " Proceedings supplementary to execution," which was repealed by section 1 of chapter 630 of the Laws of 1935, effective September 1, 1935. While the rights of the receiver are governed by article 45 of the Civil Practice Act, effective September 1, 1935, the rights of the assignee must be held fixed by the text of the Civil Practice Act as it was in effect at the date of the assignment. In the new section 808 of the Civil Practice Act, which is substituted for the old section 810 of the Civil Practice Act, there are inserted the words " bona fide " before the word " debt " as it stood in the old act. That insertion

probably adds nothing to the law. The new section adds a statutory rule respecting the burden of proof and puts that burden on the purchaser or payee claiming exemption from the operation of the title by relation. No such statutory rule is found in the old section 810 effective when the assignment was taken under the Von Bernuth judgment.

The Debtor and Creditor Law declares (§ 272) that fair consideration is given if in good faith an antecedent debt is satisfied or if property is received to secure an antecedent debt. Here the record establishes that the Von Bernuth executors acted in good faith and without knowledge of any prior proceeding against the judgment debtor or against his property. The Von Bernuth executors took the assignment in lieu of proceeding with their examination of the judgment debtor. The assignment operates to extinguish their judgment upon payment under the assignment. Accordingly it must be held that they gave full consideration for the assignment. It represents only the principal amount due upon the Von Bernuth judgment and the interest thereon.

The only question is whether or not on the facts here found by the court the receiver under the Marcus judgment can avoid the operation of the statutory exception in favor of persons dealing with the judgment debtor in good faith. No case has been cited which supports the receiver's position. The receiver cites *Ætna Life Insurance Co.* v. *Asba Corporation* (268 N. Y. 504). There the controversy was between the judgment creditor and an assignee for the benefit of creditors whose assignment *postdated* the order in supplementary proceedings. The assignee could not claim the advantage of the exception in favor of purchasers in good faith and for value. Being junior in date he was junior in right. *Becker* v. *Romanzo* (245 App. Div. 185) is also cited. There the question was whether liens or claims arising out of contracts with subcontractors could defeat a receiver's interest in moneys due to the general contractor. Obviously this case does not parallel the issue here.

The doctrine of title by relation is invoked only where necessary to effect justice. That point is made clear in *Nicoll* v. *Spowers* (105 N. Y. 1, 6) where the question before the court was whether or not an assignment for the benefit of creditors executed and delivered *before* but not recorded until *after* the appointment of a receiver in supplementary proceedings would take precedence as against the receiver. The court there said:

" Therefore, the title to the debtor's property had passed to the assignee before (under § 2468) any title thereto had vested in the plaintiff. To obviate this otherwise conclusive answer to the

plaintiff's claim, he is obliged to resort to the doctrine of relation, which is recognized in section 2469, and by that means to make the title which he acquired by the filing of February 1, 1884, relate back to the institution of the. proceedings under which he was appointed receiver, which proceedings were instituted after the delivery of the assignment, but before it was recorded in New York, and thus to divest the title of the general assignee and secure a preference for the creditors whom he represents.

"But why should not the assignee be allowed to invoke the same doctrine of relation? It is one which is resorted to by courts of equity whenever necessary to effect justice. Suppose that it were necessary to the taking effect of the assignment that it should be recorded in the proper county. That record was made on the 14th of November, 1883. Did not the title thus perfected in the assignee relate back to the time of the delivery of the assignment and thus preserve his priority over the receivership? I think that every equitable consideration requires that it should be so held. No rights of any *bona fide* purchaser would in this case be affected by so holding, but, on the contrary, the effect would be to secure the fund for distribution according to the terms of the assignment, which was earlier in its origin than any proceedings, even, under which the plaintiff's title originated, and practically when the assignment comes to be carried into effect it will have to be treated as having been made at the time it was delivered, and not as of the time when it was recorded in New York, even if the law were as contended for by the plaintiff. It is, in my judgment, a proper case for the application of the familiar doctrine of relation, on general principles of equity, independently of any statutory enactments."

The diligent creditor does not lose any legitimate advantage under the doctrine of relation. In a case where the creditor as here was acting under a junior judgment and seized and sold under an execution tangible personal property of the debtor, he was held entitled to keep the proceeds though the court recognized that title by relation of a receiver appointed in a proceeding under a senior judgment extended back to the time of the service on the debtor of the first order which was prior to the execution sale. The court there held that the exception in favor of a purchaser in good faith and in favor of a person whose debt is paid in good faith was available to the junior judgment creditor. (*Droege* v. *Baxter*, 69 App. Div. 58; affd., 171 N. Y. 654.) What is a valuable consideration and what constituted a basis for applying the exceptions to the doctrine of relation received extended discussion in *Matter of Clover* (8 App. Div. 556; affd., 154 N. Y. 443).

The conclusion to which the court has come on the basis of the authorities cited is that the assignment under the Von Bernuth judgment is wholly valid and effective and that the receiver under the Marcus judgment is entitled only to the balance of the legatee's interest remaining after the full satisfaction of the Von Bernuth assignment. The decree will direct payment accordingly. As was said in *Wrede* v. *Gilley* (132 App. Div. 293, at p. 296): " *The language of the section is plain, and the courts have not attempted to construe it other than literally,* but have held that, upon the appointment of a receiver in supplementary proceedings and his qualification, he takes the legal title to all the personal property of the judgment debtor, whether in his hands or in the hands of others, as of the date of service of the order in supplementary proceedings, except as to purchasers in good faith, or a debtor who has paid his debt in good faith." (Italics not in original.)

Submit, on notice, decree in conformity with this decision.